MATTER OF P——

In VISA PETITION Proceedings

A-11759819
A-11759820

Decided by Board January 18, 1960

**Preference quota status—Section 203(a) (2), (3), and (4)—Not available to adopted sons and daughters.**

Act of September 22, 1959 excludes adopted sons and daughters from the benefits of section 203(a) (2), (3), and (4) of the Immigration and Nationality Act. Hence, where relationship of son and daughter to resident alien petitioner was established by Italian decree of affiliation, comparable to adoption, petition to accord third preference status is denied. (NOTE: *Matter of R——*, 5 I. & N. Dec. 438, held no longer applicable prospectively.)

### BEFORE THE BOARD

**Discussion:** The case comes forward on appeal from the order of the District Director, Boston District, dated November 16, 1959, denying the visa petition for the reason that the petitioner has failed to establish that the beneficiaries are a son and daughter, respectively, as specified in section 203(a)(3) of the Immigration and Nationality Act.

The petitioner, a permanent resident alien, seeks preference status under section 203(a)(3) on behalf of the beneficiaries. The beneficiaries were born in Italy on March 1, 1950, and March 10, 1954, respectively. They are not the natural children of the petitioner but the petitioner was granted a decree of affiliation of the beneficiaries by the Probate Judge at Torino, Italy, on April 17, 1959, such action being ratified by the Tribunal for Minors of Torino, by a decree dated April 24, 1959.

Section 203(a)(3) of the Immigration and Nationality Act, as amended by the Act of September 22, 1959 (73 Stat. 644), grants preference quota status to the unmarried sons and daughters of aliens lawfully admitted for permanent residence. The petitioner asserts that affiliation may be considered similar to legitimation. However, in the instant case the beneficiaries are not the children of the petitioner and their status is not that of legitimate children. Under the provisions of article 280 of the Italian Civil Code of 1942, legitimation takes place only by a subsequent marriage entered

into by the parents of the child born out of wedlock or by a decree of the President of the Republic of Italy. Thus, there is no merit to the claim that the beneficiaries are to be regarded as legitimate or legitimated children of the petitioner.

Affiliation does appear to be a status in many respects similar to that of adoption. Previously we have held that the terms "sons" or "daughters" in section 203(a)(4) of the Immigration and Nationality Act included adopted sons or daughters.[1] However, when the Act of September 22, 1959 amended the Immigration and Nationality Act to include sons and daughters within the second and third preferences, section 205(b) was amended to provide that no petition for quota immigrant status or a preference on behalf of a son or daughter under paragraphs (2), (3), or (4) of section 203(a) of the Immigration and Nationality Act should be approved unless the petitioner establishes that he is a parent as defined in section 101(b)(2) of the Immigration and Nationality Act of the alien in respect to whom the petition is made. It was pointed out in the report to accompany H.R. 5896 (which became Public Law 86-363) that the principal purpose of this second sentence of section 205(b) of the Immigration and Nationality Act, as amended by section 5(a) of the Act of September 22, 1959 (73 Stat. 644), was to make certain that aliens adopted by United States citizens or lawful resident aliens (other than children defined in section 101(b)(1)(E) of the Immigration and Nationality Act) should not be eligible for non-quota or preference status under the immigration and nationality laws.[2]

This clearly stated mandate of Congress in enacting the Act of September 22, 1959, therefore, excludes adopted sons and daughters from the benefits of section 203(a)(2), (3) and (4). Likewise, the Act of September 22, 1959 renders inapplicable, prospectively, our decision in *Matter of R——*, 5 I. & N. Dec. 438, relating to fourth preference status for adopted sons and daughters. It may be noted, however, that section 5(c) of the Act of September 22, 1959 preserves the status of adopted daughters or sons of United States citizens previously granted preference status under section 203(a)(4). It is therefore, concluded that the beneficiaries as the affiliated son and daughter of the petitioner are eligible neither for nonquota statu nor for preference quota status.

**Order:** It is ordered that the appeal be and the same is here dismissed.

---

[1] *Matter of R——*, 5 I. & N. Dec. 438.
[2] Senate Report No. 962, 86th Cong., 1st Sess., p. 7.