MATTER OF CHAN

In Visa Petition Proceedings

A-17106137

*Decided by Board November 20, 1967*

A valid adoption under Article 1073 of the Chinese Civil Code can occur even though the adoptive parent is not at least 20 years older than the adopted child since such an adoption is only voidable and not automatically void. Hence, where petitioner and beneficiary have lived together since petitioner's adoption of beneficiary in China in 1947 (when the latter was 4 years of age) until the petitioner departed for the United States in 1966, the adoption is a valid subsisting adoption in the absence of evidence that the adoption relationship has been terminated, notwithstanding petitioner is only approximately 16 years older than the beneficiary. [*Matter of Soo Hoo*, Int. Dec. No. 1461, modified.]

The case comes forward on appeal from the order of the District Director, Portland, Oregon District, dated September 28, 1967 holding that the Chinese law on adoptions contained in the Chinese Civil Code of 1930, Article 1073, provides that an adopter must be at least 20 years older than the person to be adopted; inasmuch as the petitioner is approximately 16 years older than the beneficiary and is unable to meet this requirement of law, the petitioner has failed to establish eligibility for the benefit sought under the immigration laws for the reason that no valid parent-child relationship exists in this case.

The petitioner, a native and citizen of China, a lawful permanent resident of the United States, female, born October 24, 1926, seeks preference quota status on behalf of the beneficiary as her adopted son. The beneficiary is a native and citizen of China, born October 16, 1942.

The petition is supported by a copy of an adoption agreement between the petitioner and the natural father of the beneficiary which establishes that the adoption occurred on CR 35-12-14 (January 5, 1947) when the beneficiary was about four years old. A memorandum in the file dated July 12, 1967 contains details of an interview with the petitioner and the conclusion that nothing was established during the course of the interview that would tend to cast doubt on the veracity of the petitioner's claimed relationship to the beneficiary.

It is noted that the petitioner was approximately 16 years older than

the beneficiary at the time of the adoption. The denial of the visa petition is predicated upon Article 1073 of the Chinese Civil Code of 1930 which provides that the adopter must be at least 20 years older than the person to be adopted. Although there is no indication in the decision of the District Director, he may have placed reliance upon the headnote in *Matter of Soo-Hoo*, Int. Dec. 1461 (April 22, 1965) which states that the beneficiary's adoption in China by the petitioner in 1938 when the former was 12 years old and the latter was 27 years old does not constitute a valid adoption in accordance with Article 1073 of the Chinese Civil Code which provides that the adopter must be at least 20 years older than the person to be adopted.

Close examination of *Matter of Soo-Hoo*, discloses that the headnote is erroneous. *Matter of Soo-Hoo* involved an adoption of the beneficiary in 1938 when the beneficiary was 12 years old and the petitioner alleged that there had been a written adoption document (which was required for a valid adoption) which he claimed to have lost. No details were furnished as to the nature of the written document. The only corroboration of such an adoption was hearsay evidence by the petitioner's husband that his wife wrote him that she had a document concerning an adoption signed by the beneficiary's blood mother. The affiants merely testified to the existence of an adoption relationship which might have commenced without a writing. No competent secondary evidence was furnished of the existence of a written adoption agreement. It was concluded that the petitioner had not borne the burden of establishing eligibility on behalf of the beneficiary as her adopted son and that there had not been established a valid adoption pursuant to Chinese law. Reference in passing was made to the provisions of Article 1073 of the Chinese Civil Code but no comment was made thereon. The decision would have been the same even if Article 1073 had been complied with, because of the failure of the petitioner to bear the burden of establishing written proof of adoption as required under the Chinese Civil Code.

Inquiry was directed to the Library of Congress regarding the effect of Article 1073 of the Chinese Civil Code. Information furnished on November 14, 1967 by Dr. Tao-Tai Hsia, Chief of the Far Eastern Law Division is as follows:

Article 1073 of the Nationalist Chinese Civil Code states that the adopter must be at least 20 years older than the person to be adopted. According to the following documents (1) Judicial Yuan interpretation *chieh* No. 3120, Republic of China year 35 (1946) and (2) Supreme Court Decision *shang* No. 886, Republic of China year 32 (1943), if the adopted child is not 20 years younger than the adoptor, the adoption is not automatically void. Such adoption is only voidable. It may be nullified by the court upon the petition of the person who has the rights to make such a petition.

Inasmuch as the evidence submitted by the petitioner establishes a valid adoption, that the petitioner and the beneficiary have been living together since the adoption in January 1947 until the petitioner departed for the United States in August 1966, and there is no indication that the adoption relationship has ever been terminated, it must be regarded as a valid subsisting adoption. Accordingly the visa petition will be approved.

**ORDER:** It is ordered that the visa petition be approved for preference quota status on behalf of the beneficiary.