MATTER OF CARAMANZANA

In Visa Petition Proceedings

A-14214539

*Decided by Board February 2, 1967*

Visa petition by a United States citizen to accord beneficiary, his adopted daughter, preference status as an "unmarried daughter" under the provisions of section 203(a)(1) of the Immigration and Nationality Act, as amended by P.L. 89-236, is denied since the adoption, which occurred when beneficiary was over 21 years of age, was not in compliance with the provisions of section 101(b)(1)(E) of the Act, as amended, as required for immigration purposes.

ON BEHALF OF PETITIONER: Charles M. Gianola, Esquire
1520 Tennessee Street
Vallejo, California 94590
(Brief filed)

The case comes forward on appeal from the order of the District Director, San Francisco, dated December 19, 1966, denying the visa petition for the reason that since the beneficiary was 21 years old when the adopted daughter-adoptive parent relationship was established, the beneficiary is ineligible for immigrant status as the daughter of a United States citizen under section 203(a)(1) of the Immigration and Nationality Act, as amended.

The petitioner, a native of the Philippine Islands, a naturalized citizen of the United States, 40 years old, male, seeks preference quota status on behalf of the beneficiary as his unmarried daughter. The beneficiary is a native and citizen of the Philippine Islands, 23 years old. The beneficiary was adopted by the petitioner in the Superior Court of the State of California in and for the County of Solano on March 8, 1965 when she was 21 years old. However, the petitioner is not seeking preference on behalf of the beneficiary as his adopted daughter because manifestly she does not qualify as an adopted daughter for immigration purposes within section 101(b)(1)(E) of the Act since she was adopted when over 14 years of age.

However, counsel for the petitioner has filed a brief in which he argues that the beneficiary qualifies as an unmarried daughter under

47

the provisions of section 203(a)(1) of the Immigration and Nationality Act as amended by the Act of October 3, 1965. He contends because of the elimination of section 205(b) of the Immigration and Nationality the Act of October 3, 1965, which prior to its amendment provides that no petition for quota immigrant status or preference status on behalf of a son or daughter under then existing paragraphs (2), (3), or (4) of section 203(a) of the Immigration and Nationality Act should be approved unless the petitioner establishes that he is a parent as defined in section 101(b)(2) of the Immigration and Nationality Act of the alien with respect to whom the petition is made, Congress evidenced its intent that pre-1959 law govern.

Counsel's argument, while ingenious, is not well taken. When Congress amended section 205(b) of the Act of September 22, 1959, it was pointed out in the accompanying report, H.R. 5896, that the principal purpose of this second sentence of section 205(b) of the Immigration and Nationality Act was to make certain that aliens adopted by United States citizens or lawfully resident aliens (other than children as defined in section 101(b)(1)(E) of the Immigration and Nationality Act) should not be eligible for nonquota or preference status under the Immigration and Nationality Act. The parenthetical reference to section 101(b)(1)(E) of the Immigration and Nationality Act made it clear that for immigration purposes that restrictions contained in that definition should be continued, i.e., that for immigration purposes the adoption must take place while the child was under the age of 14 years and must have resided with and have been in the custody of the adopting parent or parents for at least two years thereafter. The amendatory act, Public Law 80-236, simply embodied in sections 204 and 205 of the Immigration and Nationality Act revisions to establish a single procedure for the filing of petitions to accord immediate relative status or preference status as the case might be, continued the limitation of the number of lawful petitions which might be approved for one petitioner, as well as the prohibition against the approval of a petition for an alien whose prior marriage was determined by the Attorney General to have been entered into for the purpose of evading the immigration law.[1] There is no indication that any change was intended by failure to specifically reenact the prior law.

The visa petition is predicated upon the theory that by virtue of her adoption the beneficiary qualifies as a daughter. However, the crux of the case is not whether the beneficiary is a child or a daughter but whether she is *adopted* for purposes of the immigration law. In order to be considered adopted for immigration purposes, there must be compliance with the requirements contained in section 101

---

[1] House Report No. 745 (89th Cong., 1st sess.) 20-21.

(b) (1) (E) of the Immigration and Nationality Act as amended. That section requires that the adoption shall have taken place while the adoptee was under the age of 14 years and, in addition, satisfy the residence and custody provisions. The beneficiary does not qualify as an adopted child inasmuch as the adoption took place when she was over 21 years of age. The appeal will be dismissed.

In connection with counsel's alternative request for sixth preference status as a telephone operator, a petition should be filed with the Service in accordance with 8 CFR 204.2(g).

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.