MATTER OF YUE

In Visa Petition Proceedings

A-17295317

*Decided by Board May 28, 1968*

Since the evidence establishes a valid informal infancy adoption under Chinese law and custom of beneficiary by petitioner and his wife in Hong Kong in 1960, that date is recognized as the date of adoption for immigration purposes, notwithstanding a later formal adoption in Hong Kong in 1966.

The case comes forward on appeal from the order of the District Director, San Francisco District, dated January 19, 1968 denying the visa petition for the reason that the beneficiary is not a child as defined in section 101(b)(1)(E) of the Act, as amended, in that she has not been in the legal custody of the adopting parent or parents for a period of two years subsequent to the date of the adoption on September 17, 1966.

The petitioner, a native of China a lawful permanent resident of the United States, 51 years old, male, was admitted on November 16, 1966 for permanent residence. He seeks preference quota status on behalf of the beneficiary as his adopted daughter. The beneficiary is a native and citizen of Hong Kong, B.C.C., born July 16, 1960. The petition was filed on February 8, 1967. There is evidence in the form of a decree of the Supreme Court of Hong Kong showing that the petitioner and his wife, Leung, Mee-Ying adopted the beneficiary on September 7, 1966. If this were all there were to the case, the denial would be proper inasmuch as section 101(b)(1)(E) defines that the term "child" to include a child adopted under the age of 14 years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years.

However the file contains an undated memorandum regarding the same petitioner, his wife, Yue Mee Ying nee Leong (file A17295319) and their daughter, the instant beneficiary, Yue Hang Yee. The memorandum is somewhat confusing because it also involves the petitioner's wife. However it states that the petitioner was interviewed on May 31, 1967, verified the statements in the Chinese char-

747

acters writen on the visa petition, and the petitioner submitted individual photographs of himself and the beneficiaries, also several other photographs, which tended to show the relationship between the petitioner and the beneficaries. The petition on behalf of the wife, Yue Mee Ying was approved on December 15, 1967 and we shall not concern ourselves further with that visa petition.

The pertinent part of the memorandum regarding the beneficiary is that the petitioner stated that she was adopted when she was approximately two months of age in 1960 and had lived with him and his wife prior to his coming to the United States; that beneficiary still lives with his wife. The memorandum notes that the petitioner's attention was called to the fact that the Hong Kong adoption certificate shows her adoption on September 17, 1966 and that two years legal custody had not yet elapsed; the petitioner was advised that the would have to submit some evidence of prior adoption in order to overcome the documentary evidence presented, and that action in the case would be deferred pending submission of such evidence.

Statutory Declarations were executed by Chan Chung and his wife, Liang Ngan-Loi at Hong Kong on June 5, 1967, which state that the affiants' daughter, Chan Wai Chun, was born July 16, 1960 in Hong Kong; that owing to pecuniary embarrassment the said daughter was adopted by Yue Kang Nam on September 8, 1960 and ever since her given name has been known as Yue Hang-yee.

The petitioner has consistently claimed that the beneficiary was adopted by him when she was approximately two months old in 1960. We recognize that there has prevailed a practice among some persons who do not have evidence of adoption or of marriage, that an adoption or marriage have been undergone once more in Hong Kong in order to have the matter of record. In unreported *Matter of Lung Chan*, VP 3-I-123920 (April 30, 1962), expert legal opinion was submitted that the law applicable to adoption of Chinese domiciled in Hong Kong is the Chinese law and custom, which has been reaffirmed by section 23 of Adoption Ordinance of Hong Kong No. 22 of 1956 which provides that nothing therein should affect any adoption undertaken or to be undertaken under Chinese law and custom. The expert opinion sets forth that the law of adoption applicable to Chinese domiciled in Hong Kong is Tsing law. There are two kinds of adoption: (1) a formal adoption to continue the male succession; (2) an informal adoption based upon natural affection which includes the adoption of a daughter. The opinion refers to Appeal Case No. 195 of the 7th year of the Chinese Republic in which the Supreme Court of China ruled that it was wrong to say that to adopt a daughter was not permitted by law.

In connection with the appeal, the petitioner reiterates that the adoption occurred two months after the birth of the beneficiary, that she has been in their family ever since, that they have raised her as their very own, and his wife cannot leave her alone in Hong Kong to join him in the United States. In view of the long interval of time which has elapsed since the petition was filed on February 8, 1967, and in view of the evidence presented by the petitioner, it is concluded that he has borne the burden of establishing an infancy Chinese adoption in 1960. The visa petition will be approved.

**ORDER:** It is ordered that the visa petition be and the same is hereby approved.

749