MATTER OF KONG

In Visa Petition Proceedings

A-20282149

*Decided by Board March 25, 1974*

Under the law of Burma, a *Kittima* adoption, which is governed by statute and which does not have retroactive effect, confers on the person adopted a status very similar to that of a natural child, with intended full rights of inheritance. An *Appatittha* adoption, which is a ceremonial adoption, establishes only a casual relationship with very limited rights and obligations between parent and child, and cannot be considered an adoption for immigration purposes.

ON BEHALF OF PETITIONER: Jack Siedman, Esquire
250 Columbus Avenue, Suite 200
San Francisco, California 94133

The lawful permanent resident petitioner applied for preference status for the beneficiary as her adopted son under section 203(a)(2) of the Immigration and Nationality Act. In a decision dated March 16, 1973, the District Director denied the petition on the ground that the beneficiary had not been adopted in conformity with the age requirement of section 101(b)(1)(E) of the Act. The petitioner has appealed from that denial. The appeal will be dismissed.

In order to qualify as an adopted son under section 203(a)(2) of the Act, the beneficiary must have been adopted by the petitioner in accordance with the requirements of section 101(b)(1)(E). *Matter of Ng*, Interim Decision No. 2147 (BIA 1972); *Matter of Yue*, 12 I. & N. Dec. 747 (BIA 1968); *Matter of Caramanzana*, 12 I. & N. Dec. 47 (BIA 1967). An adopted child is defined in section 101(b)(1)(E) as "a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years...."

The beneficiary is a native and citizen of Burma who was born in 1955. The petitioner and her husband purportedly adopted the beneficiary in 1960 in accordance with Burmese Buddhist law and custom. Counsel has submitted a memorandum of Burmese law prepared by the Far Eastern Law Division of the Library of Congress. According to that memorandum, a ceremonial adoption

is known as an *Appatittha* adoption and establishes only a casual relationship with very limited rights of inheritance.

In 1970, when the beneficiary was nearly 15 years old, the petitioner and her husband effected a *Kittima* adoption under the law of Burma. A *Kittima* adoption is governed by statute and confers on the person adopted a status very similar to that of a natural child. A *Kittima* son or daughter is adopted with the intention that he or she will have full rights of inheritance in the adoptive parents' estate. Since April 1, 1941, a *Kittima* adoption must be effected by means of an instrument of adoption executed in accordance with Section 5 of the Registration of Kittima Adoptions Act.

Counsel contends that we should recognize an *Appatittha* adoption as creating an adoptive relationship within the meaning of section 101(b)(1)(E), or alternatively, that the *Kittima* adoption has retroactive effect to the date of the *Appatittha* adoption. According to the Library of Congress memorandum, *Kittima* adoption is much closer to the concept of adoption in the United States than is *Appatittha* adoption. The latter is merely an informal relationship which does not create substantial legal rights and obligations between parent and child, and cannot be considered an adoption for immigration purposes.

Registration is a necessary prerequisite for the legal validity of a *Kittima* adoption effected after April 1, 1941. The memorandum of Burmese law expressly refutes counsel's contention that a *Kittima* adoption has retoratctive effect. Since the beneficiary was over the age of 14 when his *Kittima* adoption was registered, he did not meet the age requirement of section 101(b)(1)(E). Therefore, he cannot qualify as an adopted son of the petitioner under section 203(a)(2) of the Act.

The District Director's decision was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.