## MATTER OF KONG

### In Visa Petition Proceedings

### A-20282149

*Decided by Board March 21, 1975*

Under Burmese law a *Kittima* adoption to be valid must be registered pursuant to the Registration Act. A registered instrument may operate from the date of its execution if such date is prior to the date of registration (Section 47 of the Registration of *Kittima* adoptions Act). An *Appatittha* (informal) adoption is not sufficient to confer immigration status under section 203(a)(2) of the Immigration and Nationality Act.

ON BEHALF OF PETITIONER:   Joe M. Chan, Esquire
San Francisco Neighborhood Legal
   Assistance Foundation
250 Columbus Avenue, Suite 200
San Francisco, California 94133

The petitioner has moved for reconsideration and reversal of our decision dated March 25, 1974, in which we dismissed her appeal from the district director's denial of her petition to classify the beneficiary as her adopted son under section 203(a)(2) of the Immigration and Nationality Act.[1] Counsel has submitted additional material pertaining to Burmese law, and we have received another memorandum of Burmese law from the Far Eastern Law Division of the Library of Congress. The motion to reconsider will be denied.

Initially, counsel challenges our determination that an *Appatittha* (informal) adoption under Burmese law is not sufficient to confer immigration status upon the beneficiary. We have reviewed the contentions advanced on appeal, as well as the materials in the record pertaining to Burmese law. We are satisfied that our decision not to accept an *Appatittha* adoption as sufficient for the purpose of the Immigration and Nationality Act was correct. We have since reaffirmed that decision in *Matter of Chang*, 14 I. & N. Dec. 720 (BIA 1974).

Counsel maintains that a *Kittima* adoption effected under the Burmese law does not give the adopted child the full rights of a natural born legitimate child in Burma. While this contention may be true, we do not see how it aids the present beneficiary.

Counsel also argues that registration is not a prerequisite to the

---

[1] That decision is *Matter of Kong*, 14 I. & N. Dec. 649 (BIA 1974).

validity of a *Kittima* adoption. However, section 5 of the Registration of Kittima Adoptions Act states:

No dispute as to the right of any person to inherit as or through a Kittima son or daughter shall be entertained by any Court unless the fact of the adoption, if it was effected after the 1st April 1941, is evidenced by an instrument:—
  (i) executed by the person making the adoption and (a) by the person who is adopted if not less than 18 years of age at the time of such execution aforesaid, or (b) if less than that age, then by the person or persons, if any, whose consent to the adoption is required by the Burmese Buddhist Law, and
  (ii) attested by at least two witnesses, and
  (iii) registered in Book 4 of the books referred to in sub-section (1) of section 51 of the Registration Act. .

In *Lim Chin Neo* v. *Lim Geok Soo*, [1956] Burma L.R. 248, 251, 261, the court held that a claim for inheritance as a *Kittima* child was barred unless the adoption was evidenced by a registered deed of adoption conforming to the requirements of section 5 of the Registration of Kittima Adoptions Act. We shall not accept less proof of a *Kittima* adoption than a Burmese court would require when the question arises in an inheritance suit.

Finally, counsel argues that the registered deed of adoption operates from the date of an earlier *Appatittha* adoption of the beneficiary. There is no provision of Burmese law that would allow an earlier informal adoption to operate retroactively as a *Kittima* adoption. Section 47 of the Registration Act of Burma evidently permits a registered instrument to operate from the date of its *execution* if such date is prior to the date of its *registration*. However, this does not help the present beneficiary, because his deed of adoption was both executed and registered after his fourteenth birthday.

We are satisfied that our prior decision was correct. The motion to reconsider will be denied.

ORDER: The motion to reconsider is denied.

Theodore P. Jakaboski, Alternate Board Member, dissenting:

I respectfully dissent.

The majority opinion relies overly much on the provisions of Section 5 of the Registration of Kittima Adoptions Act, which went into effect in 1941. That section merely stipulates that courts will not entertain disputes over inheritance rights arising out of a purported *Kittima* adoption unless the adoption be evidenced by an instrument (1) executed by the adopter, (2) witnessed, and (3) registered in a volume referred to in the Registration Act of 1909.

There is no compelling reason to hold that Section 5 controls with validity of a *Kittima* adoption for purposes of the administration of the immigration laws of the United States.

The memorandum of law from the Library of Congress of January

1975 relied upon by the majority itself acknowledged that prior to 1941 "it was held that where a formal ceremony of *Kittima* adoption could be shown to have taken place in the presence of credible witnesses, summoned in order to secure publicity and notoriety to the factum of adoption, proof of adoption was complete." The petitioner claims that there was a *Kittima* ceremony in 1960, although there was no registration until 1970, when the child was over the 14-year old cut-off date provided for in the immigration laws. It seems to me that the late registration is a piece of evidence that should be considered as bearing upon whether there indeed was an adoption ceremony in 1960. This situation may be similar to that in *Matter of Yue*, 12 I. & N. Dec. 747 (BIA 1968), wherein a customary adoption was subsequently registered under the Hong Kong Adoption Ordinance, and the later registration was too late for immigration purposes.

The majority opinion rests upon the underlying premise that recognition of foreign adoptions is dependent upon the existence of full inheritance rights in favor of the person adopted. However, there is not express requirement to this effect in the immigration laws. Moreover, this approach conflicts with this Board's earlier ruling in *Matter of Ng*, 14 I. & N. Dec. 135 (BIA 1972), wherein the Board recognized adoptions of females according to Chinese customary law in Hong Kong, even though adopted girls did not enjoy full rights of inheritance. It is difficult to distinguish the issues in the present case from those in the *Ng* case.

It seems to me that the ends of justice and sound administration of the immigration laws, as well as the purposes behind these laws, would be better served if the resolution of an administrative appeal were to depend more upon the factual realties of the familial situation than upon the interposition of legalistic bars derived from an unrelated area of the law such as inheritance.

That is, what evidence is there that the Burmese authorities who enacted Section 5 of the Registration of Kittima Adoptions Act wished to invalidate unregistered *Kittima* adoptions? The simple answer is that there is not such evidence. Obviously, the provisions of Section 5 were promulgated in order to nudge the general populace into registering their unregistered *Kittima* adoptions, so as to make the work of the courts easier in inheritance cases.

I see no policy that is served by extending these considerations into something that bars our recognition of what evidently the ordinary Burmese would consider to be a valid adoption of the higher type.

A number of factual questions have not been aired. Therefore, I believe this case should be remanded to the district director for additional proceedings.