## MATTER OF CARIAGA

### In Visa Petition Proceedings

#### A–20950365

*Decided by Board July 22, 1976*

(1) Petitioner, the United States citizen adoptive father of beneficiary, filed petition to accord beneficiary, who was born in 1956, the status of an immediate relative under section 201(b) of the Immigration and Nationality Act. Beneficiary's natural father had executed an affidavit giving his consent to the adoption of his son on April 8, 1963. However, the actual adoption did not take place until October 20, 1975, when beneficiary was 19 years of age by a decree made retroactive to April 8, 1963, by the issuing court.

(2) Section 101(b)(1)(E) of the Act respecting adoption of children for immigration purposes is to be construed strictly. In order for an adoption to be valid for immigration purposes, the act of adoption must occur before the child attains the age of fourteen.

(3) Where the adoption did not take place until the beneficiary reached 19 years of age, the adoption was not valid for immigration purposes notwithstanding the retroactive effect given the adoption decree by the issuing court, and the visa petition to accord the beneficiary immediate relative classification was denied.

ON BEHALF OF PETITIONER:   Roman de la Campa, Esquire
                           2219 Allan Street
                           Sioux City, Iowa 51103

The United States citizen petitioner applied for immediate relative status for the beneficiary as his adopted child under section 201(b) of the Immigration and Nationality Act. In a decision dated February 3, 1976, the district director denied the petition. The petitioner has appealed. The appeal will be dismissed.

The beneficiary is a twenty-year old native and citizen of Mexico. It appears that in 1958, at two years of age, he was brought from Mexico to the United States by his father. It also appears that at that time, he went to live with the petitioner and his wife and has remained since.

On April 3, 1963, a year before his death, the beneficiary's father executed an affidavit giving his consent to the adoption of his son by the petitioner. According to the petitioner, he did not adopt the beneficiary at that time because of advice he was given by an attorney in Idaho. The attorney told him that since the beneficiary's mother could not be located and her consent secured, the beneficiary could not be adopted until he reached eighteen. At that age, the beneficiary's own consent to

the adoption would be sufficient. As a result of this advice, efforts to proceed with the adoption were abandoned until 1975.

The record contains a Decree of Adoption issued by the District Court of the State of Iowa in and for Woodbury County on October 30, 1975 in which the beneficiary, at the age of nineteen, is declared adopted by the petitioner and his wife, *retroactive to April 8, 1963*. The decree also recites the fact that the beneficiary's father gave his consent to the adoption on April 8, 1963 and that the child has lived with his adopting parents from the time the consent was given.

The issue raised is whether the retroactive effect which the Iowa Court has given the adoption should be considered by this Board in applying the provisions of the Immigration and Nationality Act.

The legislative history of the Immigration and Nationality Act of 1952 clearly indicates that the Congress was concerned with the problem of keeping the families of immigrants united. As part of that policy, Congress provided liberal treatment of children. Despite this concern, Congress did not extend immigration benefits to adopted children for fear that fraudulent adoptions would provide a means of evading the quota restrictions. See S. Rept. 1515, 81st Cong., 2d Sess. 468. In 1957, however, Congress included within the definition of "child", "one adopted while under the age of fourteen if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years . . ." See Immigration and Nationality Act of September 11, 1957 (71 Stat. 639). Through the imposition of an age restriction on the creation of the adoptive relationship, Congress has attempted to distinguish between *bona fide* adoptions, in which a child has been made a part of a family unit, and spurious adoptions, effected in order to circumvent statutory restrictions.[1]

In light of the history behind the age restriction in section 101-(b)(1)(E), it appears clear that the provision should be given a literal interpreation. The *act of adoption* must occur before the child attains the age of fourteen. Therefore, despite the retroactive effect given the beneficiary's adoption by the Iowa Court, an adoptive relationship was not created within the meaning of the Immigration and Nationality Act, when the beneficiary was adopted under Iowa law at age nineteen.

We are aware of the sympathetic aspects of this case. However, the provisions of the Act do not permit recognition of this adoption for immigration purposes. The petition must be denied.

ORDER: The appeal is dismissed.

---

[1] For remarks by Congressman Walter on the "deliberate evasions of quota restrictions" which occurred under section 203(a) of the Act, by "permitting the preferential entry of adult aliens adopted long after they reach their majority", see The Congressional Record on July 6, 1959, pages 11578–80. See also, *Matter of Caramanzana*, 12 I. & N. Dec. 47, 48 (BIA 1967).