MATTER OF WONG

In Deportation Proceedings

A-31222150

*Decided by Board January 31, 1977*

(1) Respondent born October 14, 1944, was admitted to the United States for permanent residence on April 1, 1973, as the unmarried minor child of a lawful permanent resident on the basis of an Appatittha (ceremonial) adoption which took place in Burma. The Service seeks respondent's deportation under section 241(a)(1) of the Immigration and Nationality Act as an alien excludable at entry under section 212(a)(14) of the Act for lack of a valid labor certification based on the fact that the adoption was not registered so as to be classified as a Kittima adoption (the only adoption now considered valid for immigration purposes) until April 22, 1969, after beneficiary passed the age of 14 years.

(2) Notwithstanding that an Appatittha adoption was declared to be invalid for immigration purposes in *Matter of Kong*, 14 I. & N. Dec. 649 (BIA 1974), the Board will not apply that holding retroactively to aliens who were admitted for lawful permanent residence prior to the date of that decision (March 25, 1974), and the instant deportation proceedings brought against respondent must be terminated.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under
section 212(a)(14); no labor certification

ON BEHALF OF RESPONDENT: Thomas N. Saldin, Esquire
4676 Admiralty Way
Marina Del Rey, California 90291

BY: Wilson, Acting Chairman; Torrington, Maniatis, and Appleman, Board Members

In a decision dated May 23, 1975, the immigration judge found the respondent deportable as charged and granted him the privilege of voluntary departure from the United States in lieu of deportation. The respondent has appealed. The appeal will be sustained, and the proceedings will be terminated.

The respondent was born in Burma on October 16, 1944. He was admitted to the United States for permanent residence on April 1, 1973, as the unmarried minor child of a lawful permanent resident on the basis of his adoption in Burma. He was the beneficiary of a visa petition approved by the District Director, and a visa was issued by an American Consular official pursuant to 8 C.F.R. 204.1(a).

On March 25, 1974, almost twelve months after the respondent had been admitted for permanent residence, we rendered our decision in *Matter of Kong*, 14 I. & N. Dec. 649 (BIA 1974), holding that an *Appatittha* adoption, which is a ceremonial adoption, cannot be considered a valid adoption for immigration purposes. That holding was reaffirmed in *Matter of Chang*, 14 I. & N. Dec. 720 (BIA 1974).

The Service seeks the respondent's deportation under section 241(a)(1) of the Immigration and Nationality Act by reason of his excludability at entry under section 212(a)(14) of the Act for lack of a labor certification. The sole basis for this charge is that there was no registration of the adoption sufficient to classify it as a *Kittima* adoption (the only adoption under Burmese law recognized for immigration purposes) until April 22, 1969, well after the respondent turned 14 years of age. There has been no allegation of fraud or misrepresentation on the part of the respondent in obtaining his visas or in entering the United States.

As we noted earlier, the respondent was admitted to the United States for permanent residence almost twelve months *prior* to our decision in *Matter of Kong, supra*. We have held that the only adoption in Burma under the Burmese Buddhist Law that will be recognized for immigration purposes is the *Kittima* adoption. However, the respondent was adopted within Burmese law under an *Appatittha* adoption. See *Matter of Kong, supra*. The respondent was publicly taken into the home of his adoptive parents in 1947, shortly before his natural mother's death and with her consent. The record indicates that he lived from that time on with his adoptive parents and has been treated and recognized as one of the family. The record also contains a copy of a notarized "Declaration of Adoption" executed on April 22, 1969, by the respondent's adoptive parents. This declaration recites that on August 2, 1947, the respondent's adoptive parents openly declared the adoption of the respondent in the presence of invited guests with the consent of the respondent's natural mother.

At the time the respondent was admitted for permanent residence we had not yet had occasion to set forth our view on adoption in Burma. There was, at that time, the plausible legal argument, based on certain of our decisions involving Chinese adoptions, that informal adoptions in Burma were sufficient for immigration purposes. See e.g., *Matter of Ng*, 14 I. & N. Dec. 135 (BIA 1972); *Matter of Kwok*, 14 I. & N. Dec. 127 (BIA 1972); *Matter of Yue*, 12 I. & N. Dec. 747 (BIA 1968). We have since repudiated that view. *Matter of Kong, supra*. Nevertheless, we are not willing to apply *Matter of Kong, supra*, retroactively to aliens who were admitted for lawful permanent residence prior to the date of that decision.

Under the peculiar circumstances of the present case, the Service has

not established that the respondent was excludable at the time of his entry. Consequently, the proceedings must be terminated.

The appeal will be sustained, and the proceedings will be terminated.

ORDER: The appeal is sustained, and the deportation proceedings are terminated.