**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DORIS AMPONSAH, | No. 11-71311 |
| Petitioner, | Agency No. A079-811-066 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2012
Submission Withdrawn September 12, 2013
Resubmitted July 16, 2015
Seattle, Washington

Before: W. FLETCHER and FISHER, Circuit Judges, and QUIST, District
Judge.**

Doris Amponsah Apori petitions for review of the Board of Immigration

Appeals' (BIA) decision upholding the immigration judge's (IJ) pretermission of

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Gordon J. Quist, Senior United States District Judge for
the Western District of Michigan, sitting by designation.

her adjustment of status application. We grant the petition for review and remand to the BIA.

**1.** In her petition for review, Apori argued the BIA's blanket rule against recognizing state courts' nunc pro tunc adoption decrees, *see Matter of Cariaga*, 15 I. & N. Dec. 716 (BIA 1976), constituted an impermissible construction of 8 U.S.C. § 1101(b)(1)(E) under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843 (1984). In a published opinion, we agreed with that argument. *See Amponsah v. Holder*, 709 F.3d 1318 (9th Cir. 2013). After we issued our opinion, however, the government filed a petition for panel rehearing, advising us the BIA was considering whether to modify or overrule *Matter of Cariaga* in two pending cases. In light of that information, we issued an order withdrawing our opinion, and withdrawing submission pending the BIA's resolution of those pending cases. *See Amponsah v. Holder*, 736 F.3d 1172 (9th Cir. 2013). In July 2015, the BIA decided one of those cases, *Matter of R. Huang*, 26 I. & N. Dec. 627 (BIA 2015). In *Huang*, the BIA rejected *Cariaga*'s blanket rule and held it would "no longer deny a visa petition where the adoption petition was filed before the beneficiary's 16th birthday, the State in which the adoption was entered expressly permits an adoption decree to be dated retroactively, and the State court entered such a decree consistent with that authority." *Id.* at 631. In

2

addition to meeting these requirements, the petitioner must "show that the adoption was not undertaken for the purpose of conferring immigration benefits on the beneficiary." *Id.* at 635.

In light of this intervening authority, the government asks us to grant the petition for review and remand to the BIA to determine, inter alia, whether Apori may be eligible for relief under *Huang.* Apori agrees we ultimately should remand this matter to the BIA, but argues that, before we do so, we should decide whether the BIA's new rule in *Huang* constitutes a permissible construction of § 1101(b)(1)(E) under *Chevron.* We conclude the government has suggested the appropriate course.

**2.** The BIA gave a second reason for pretermitting Apori's adjustment of status application – Apori's alleged participation in a fraudulent marriage. *See* 8 U.S.C. § 1154(c) (providing no visa petition shall be approved if "the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws"). We cannot sustain the BIA's decision on this basis, however, because the agency's actions violated Apori's due process rights.

First, Apori did not have a reasonable opportunity to present evidence on the marriage fraud issue in the immigration court because the issue was not raised

there.  The BIA's reliance on § 1154(c) thus violated Apori's right to due process.  *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("[A]n alien who faces deportation is entitled to a full and fair hearing of his claims and a reasonable opportunity to present evidence on his behalf.").  The government's argument that the marriage fraud question was raised in the immigration court proceedings is not supported by the record.

Second, Apori's rights were violated when the BIA took administrative notice of its March 2008 finding of marriage fraud in her husband's visa petition case.  When taking administrative notice of controversial or individualized facts, the BIA must provide an alien with notice and an opportunity to rebut them.  *See Circu v. Gonzales*, 450 F.3d 990, 993 (9th Cir. 2006) (en banc); *Castillo-Villagra v. INS*, 972 F.2d 1017, 1028 (9th Cir. 1992).  The BIA failed to do so here.

The BIA also appears to have exceeded the permissible scope of administrative notice.  A court in one case may not take judicial notice of the truth of judicial findings of fact in another case.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1114 n.5 (9th Cir. 2003); 21B Charles Alan Wright et al., *Federal Practice and Procedure* § 5106.4 (2d ed. 2015).  Thus, although the BIA could take administrative notice of the *contents* of its March 2008 decision, it could not take administrative notice of the *truth* of the findings in the March 2008 decision – i.e.,

4

that Apori's marriage was a fraud. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (providing the BIA may take "administrative notice of commonly known facts such as current events or the contents of official documents").

Apori also has shown prejudice from these due process violations. She argues that, if she had received notice of the fraudulent marriage issue, she would have presented evidence from her husband, her in-laws and her adoptive mother to show her marriage was not a fraud. This is sufficient to establish prejudice. *See Zolotukhin v. Gonzales*, 417 F.3d 1073, 1077 (9th Cir. 2005).

The government argues it does not matter whether Apori was denied a full and fair opportunity to litigate the marriage fraud issue in her removal proceedings because she is bound by the finding of fraud in her husband's case. Neither the IJ nor the BIA, however, mentioned collateral estoppel or res judicata, and neither tribunal gave preclusive effect to the March 2008 decision. Thus, even if those doctrines could apply here (a question we do not reach), we will not apply them for the first time on appeal. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. If we conclude that the BIA's decision cannot be sustained upon its reasoning, we must remand to allow the agency to decide any issues remaining in the case.").

5

**3.** Apori's remaining contentions are premature or without merit. Her argument that the BIA violates equal protection by refusing to give effect to nunc pro tunc adoption decrees while accepting nunc pro tunc principles in other contexts is unexhausted. We therefore lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Her argument that the immigration court wrongly denied her request for a continuance is vague and conclusory. She therefore has not shown an abuse of discretion. *See An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012). Finally, we do not address Apori's argument that the IJ erred by ruling she did not satisfy § 1101(b)'s two-year legal custody requirement. The BIA's decision did not rest on that ground, so the IJ's ruling on that issue is not before us. *See Hernandez v. Ashcroft*, 345 F.3d 824, 832 (9th Cir. 2003) ("Where as here, the BIA has conducted a de novo review of the IJ's decision, we review only the decision of the BIA.").

**PETITION GRANTED; REMANDED.** The panel retains jurisdiction over future petitions for review.