MATTER OF M——

In VISA PETITION Proceedings

VP 2-I-34174

*Decided by Board August 22, 1958*

*Approved by Attorney General March 20, 1959*

**Adopted child—As defined in 1957 amendment to section 101(b)(1) of the 1952 act—Residence with adoptive parents.**

(1) Requirement that "adopted child" (section 101(b)(1) of 1952 act, as amended by Act of September 11, 1957) must have resided with adopting parents for at least two years does not exclude computation of residence occurring prior to formal adoption decree.

(2) Preference quota status under section 203(a)(3) of 1952 act will be accorded to a ten-year-old child legally adopted in 1955 in Italy who resided there with adopting parents from 1949 until 1956 when the parents obtained visas with which they entered the United States as permanent residents.

**BEFORE THE BOARD**
(August 22, 1958)

**Discussion:** This case comes forward on motion of the Assistant Commissioner, Examinations Division, Immigration and Naturalization Service, dated June 25, 1958, requesting withdrawal of our order of May 20, 1958, and the entry of an order affirming the decision of the district director denying the visa petition.

The facts of the case are fully set forth in our previous order. The petitioners are husband and wife, natives and citizens of Italy, who were admitted for permanent residence on April 30, 1956, and seek preference status under section 203(a)(3) of the Immigration and Nationality Act on behalf of the beneficiary as their adopted child. It has been established that the petitioners filed a petition for adoption of the beneficiary on January 3, 1955, and that a decree of adoption was entered by the Superior Court of Appeals of Abruzzi L'Aquila, Italy, on June 7, 1955. The petitioners received their quota immigrant visas and departed from Italy in April 1956, about ten months after the adoption. However, evidence has been presented that the petitioners took the beneficiary into their home when she was but eight months old and have reared her and maintained her ever since. The delay in actual adoption appears to have occurred through lack of finances as a result of which the petitioners were unable to afford the necessary legal fees inci-

118

dent to a court order of adoption. No question of fraud is present, it being conceded that the facts as set forth are true.

The statute involved is section 101(b)(1) of the Immigration and Nationality Act as amended by section 2 of the Act of September 11, 1957 (Public Law 85-316), by which the definition of the term child was expanded to include:

(E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years * * *.

This amendment was designed to prevent hardship in cases where the child was chargeable to a heavily oversubscribed quota and would not otherwise be able to accompany his adoptive parents. Adequate safeguards were included in the legislation to prevent abuse.[1] The legislative history fails to spell out what specific abuse was sought to be prevented. A clue perhaps might be found in the technical analysis of an administration sponsored predecessor bill, S. 1006, contained in a statement by the Attorney General prepared for delivery before the Subcommittee on Immigration of the Senate Judiciary Committee on July 30, 1957. This analysis pointed out that section 23 of the proposed bill would extend the definition of "child" to include adopted children under limited circumstances; and that it was desirable that consideration be given to an amendment whereby a child adopted while under the age of twelve and who had lived with his adoptive parents for at least two years prior to the visa application might be considered a "child" under the immigration laws. It was pointed out that a proposal of this type would prevent abuse through *ad hoc* adoptions made only for the purpose of circumventing the immigration laws.

It is apparent that this legislation which expanded the definition of the term "child" to include adopted child, and at the same time expanded the term in other ways, was designed as remedial legislation to ameliorate the harshness and inequity of certain situations where there existed *bona fide* family units and that safeguards were written into law designed to prevent abuses, such as adoptions entered into for the purpose of evading the immigration laws. This legislation within the limits set forth should be given a liberal interpretation. A case may be within the meaning of a statute and not within its letter, and within its letter and not within its meaning; a statute should be so construed as to carry out the intent of the legislature, although such construction may seem contrary to the letter of the statute.[2] Where a law is susceptible of more than one meaning, the true spirit of the law should provide the true guide.[3]

[1] Senate Report No. 1057, (85th Cong., 1st Sess., p. 4).

[2] *Matter of M——*, 5 I. & N. Dec. 261, 266; *Stewart v. Kahn*, 78 U.S. 493; *Church of the Holy Trinity v. United States*, 143 U.S. 457.

[3] *Markham et al. v. Cabell*, 326 U.S. 404, 409.

It, therefore, becomes necessary to examine the factual situation present in the instant case to determine what result may be achieved by a construction of the statute which is liberal and within the spirit of the law without doing violence to the plain language of the statute. If, however, an ambiguity exists, it should be construed in favor of the person whom the Congress intended to benefit.

Viewing in this perspective the language of section 101(b)(1)(E) of the Immigration and Nationality Act as amended by the Act of September 11, 1957, we see that it is intended to include "a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of and has resided with the adopting parent or parents for at least two years." The requirements, therefore, are (1) the child be adopted while under the age of fourteen years; (2) that the child thereafter be in the legal custody of the adopting parent or parents for at least two years; and (3) that the child has resided with the adopting parent or parents for at least two years. It is noted that the word "thereafter" appears in the second clause relating to legal custody and is not repeated in the clause relating to residence. We, therefore, are not compelled to adopt a construction that the *residence* be subsequent to the adoption, even if we do find that there must be two years' *legal custody* after the adoption.

Accordingly, we deem it proper to re-examine the facts of the case to determine whether they fit within the foregoing analysis of the statute. In the present case the beneficiary was born on August 3, 1949, and was taken into the family of the petitioner when eight months old and was reared and maintained and resided with them continuously since that time until their departure to the United States in April 1956. The beneficiary was, therefore, a *bona fide* member of the household approximately six years before the adoptive parents left for the United States and during that entire time resided with them. In addition, the beneficiary resided with the petitioners at the time of the commencement of the formal adoption proceedings in January 1955, on the date of the entry of the formal decree in June 1955, and at all times while the adoptive parents resided in Italy. At the time of this adoption an adopted child obtained no benefit through the immigration laws. Therefore, it is obvious that this adoption was not entered into with the purpose of obtaining a benefit under the immigration laws; nor have the *bona fides* of the adoption been challenged. Since the date of the decree of adoption more than two years have elapsed and the adoptive parents have had legal custody for more than two years.

The facts of the case therefore fit within the statutory framework of this remedial legislation which permits the granting of preference or nonquota status to an adopted child. We, therefore,

find upon the facts of this case that the beneficiary is eligible for the preference status sought. In view of this finding, we find it unnecessary at this time to enter into a discussion of whether the minor beneficiary has resided with the adopting parents since they left Italy. We adhere however to our order granting third preference status to the beneficiary.

**Order:** It is ordered that the motion to reconsider our order of May 20, 1958, granting third preference status to the beneficiary be and the same is hereby denied.

### BEFORE THE ATTORNEY GENERAL
(March 20, 1959)

**Order:** The order of the Board of Immigration Appeals, dated May 20, 1958, approving a petition for preferential status under section 203(a)(3) of the Immigration and Nationality Act for the beneficiary in this case, is approved.

---

This case is before me pursuant to the provisions of 8 CFR 3.1 (h)(1)(iii) for review of the decision by the Board of Immigration Appeals.

The petitioners are lawful permanent residents of the United States and parents of an adopted daughter who will be 10 years old in August of this year. She lived with the petitioners in Italy since she was a baby, less than one year old. When they obtained their visas and decided to take the step of emigrating to the United States in 1956, it meant leaving the child in Italy. She had been legally adopted 10 months before their departure but they were unable to bring her with them because the law at that time made no provision for preference status for an adopted child.

Subsequent legislation aimed at preventing such hardships has remedied the situation. Under present law, an adopted child under 14 years of age who is able to meet the requirements of the statute is given the same privileges for immigration purposes as a child whose status is not dependent on adoption. Section 2 of Public Law 85–316 extends the privileges to "a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years * * *."

The adopted child in this case has met the conditions. She has been in the legal custody of her parents since adoption was finalized in 1955, and when they departed from her in 1956 she had resided with them for considerably· more than the required two-year period.