MATTER OF LEE

In Visa Petition Proceedings

A-14710087

*Decided by Board December 9, 1966*

The existence of a *bona fide* family unit alone is insufficient to satisfy the
statutory requirements for adoption in accordance with section 101(b)(1)
(E) of the Immigration and Nationality Act, as amended; nor does an
actual residence of the adoptive child with the adoptive parent for about
1 year and 9 months satisfy the two years' residence requirement for an
adoption in conformity with that section.

The case comes forward on appeal from the decision of the Dis-
trict Director, Los Angeles District, dated September 19, 1966 deny-
ing the visa petition for the reason that the petitioner has failed to
establish that the required relationship of parent and child exists
between her and the beneficiary.

The petitioner, a native of China, a citizen of the United States
by naturalization on August 19, 1964, 54 years old, female, seeks
immediate relative status on behalf of the beneficiary as her adopted
son. The beneficiary was born April 1947 in Ying Ping, Kwang
Tung, China and is stated to be divorced.

A sworn statement was taken from the petitioner on August 24,
1966. She testified the beneficiary was adopted by her in Tong On
Lay village, Tong Foo Tung Heung, Yun Ping, K.T., China on
April 22, 1947 (CR-36-3-2) when he was only a few weeks old. He
resided with her until September 10, 1948 when she left her village
to live in Hong Kong. Thereafter, the beneficiary resided with the
petitioner's mother in her native village from September 10, 1948
until January 9, 1966. The petitioner visited her mother and the
beneficiary three or four times during the period September 10, 1948
to January 20, 1949 while she lived in Hong Kong. She departed
from China en route to the United States on January 20, 1949 and
arrived on the SS "President Wilson" at San Francisco, California
on March 21 or March 28, 1949. She last saw the beneficiary for 11
or 12 days in January 1966 when she visited Hong Kong.

Summarizing the testimony of the petitioner, the beneficiary was adopted when a few weeks old on April 22, 1947, resided with her in the native village until September 10, 1948 when she left for Hong Kong; she saw the beneficiary on three or four occasions until her departure to the United States on January 20, 1949. Granting the most favorable computation of the period of residence of the parent with the adopted child as existing between April 22, 1947 until January 20, 1949, when the petitioner departed to the United States, the total period of residence is approximately one year and nine months.

Originally as enacted, section 101(b)(1) of the Immigration and Nationality Act included in the term "child" (A) a legitimate child, (B) a stepchild and (C) a legitimated child. Subsection (E) of section 101(b)(1) of the Immigration and Nationality Act was added by the Act of September 11, 1957 (71 Stat. 639) to include a child adopted while under the age of 14 years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years. The amendment was designated to prevent hardship in cases where the child was chargeable to a heavily oversubscribed quota and would not otherwise be able to accompany his adoptive parents. Adequate safe-guards were included in the legislation to prevent abuse. Senate Report No. 1057 (85th Congress, 1st Session) 4. The legislative history fails to spell out what specific abuse was sought to be prevented. However, an administrative sponsored predecessor bill, S. 10006, was the subject of an analysis by the Attorney General before the Subcommittee on Immigration of the Senate Judicial Committee on July 30, 1957. It was pointed out that the administration bill would extend the definition of "child" to include adopted children under *limited circumstances;* that it was desirable that consideration be given to an amendment whereby a child adopted while under the age of 12 years and who had lived with his adoptive parents for at least two years prior to the visa application might be considered a "child" under the immigration laws. It was pointed out that a proposal of this type would prevent abuse through ad hoc adoptions made only for the purpose of circumventing the immigration laws.

The amendatory legislation of the Act of September 11, 1957, which extended the meaning of the term child to include an adopted child (and also an illegitimate child through its natural mother) was designed as remedial legislation to ameliorate the harshness and inequity of certain situations where there existed bona fide family units. Safeguards were written into the law to prevent abuses such as adoptions entered into for the purpose of evading the immigration

laws; and the amendatory legislation require that the child be adopted while under the age of 14 years and to have been in the legal custody of and have resided with the adopting parent or parents for at least two years. This latter requirement of residence with the adopting parent or parents for at least two years does not exclude computation of residence occurring prior to the formal adoption decree.[1] The two year legal custody and residence requirement imposed upon an adopted child under the 1957 amendment to section 101(b)(1) of the Act is satisfied when custody and residence have been with only one of the adopting parents, who may be the noncitizen parent, rather than with both.[2]

Thus, while the legal custody and residence requirements of section 101(b)(1)(E) have been liberally interpreted in recognition of the fact that the amendment constitutes remedial legislation, certain requirements are still retained. Thus, the child must be adopted under the age of 14 years to constitute a valid adoption under the immigration laws. The statute requires two years' legal custody subsequent to the adoption. The two-year residence requirement is one of the conditions of a valid immigration adoption, and while we have interpreted this requirement to include a child who resided with the adopting parents for the two-year period prior to the formal adoption, and also with but one of the adopting parents, the statutory requirement of two years' residence is a mandatory part of section 101(b)(1)(E) of the Act.

In the instant case, under the most generous computation, the adoptive child resided with the adoptive parent for about one year and nine months. The term "residence" is defined in section 101(a)(33) to mean the principal actual dwelling place in fact, without regard to intent. The period of residence here does not satisfy the requirement of two years' residence with the adoptive parent. We take notice of the brief filed by counsel. However, we hold that the bona fide family unit is not the only requirement of section 101(b)(1) of the Immigration and Nationality Act but there must be an adoption in conformity with the requirements of section 101(b)(1)(E). The two-year residence requirement has not been met in the instant case. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of M—*, 8 I. & N. Dec. 118 (A.G., 1959).

[2] *Matter of Y—K—W—*, 9 I. & N. Dec. 176 (A.G., 1961), overruling *Matter of C—F—L—*, 8 I. & N. Dec. 151; *Ng Fun Yin v. Esperdy*, 187 F. Supp. 51 (S.D. N.Y. 1960).