MATTER OF BARDOUILLE

In Visa Petition Proceedings

A-24652753
A-24652754

*Decided by Board September 22, 1981*

(1) In order to be eligible for relative preference classification under section 203(a) of the Immigration and Nationality Act, 8 U.S.C. 1153(a), the alien beneficiary must be fully qualified at the time the visa petition is filed.

(2) Visa petitions to classify the beneficiaries as "unmarried sons" under section 203(a)(2) of the Act are denied where the beneficiaries' alleged legitimation by their petitioner father occurred only after he filed the petitions and, therefore, they were not fully qualified as the petitioner's legitimated children under section 101(b)(1)(C) of the Act 8 U.S.C. 1101(b)(1)(C), at the time the visa petitions were filed.

ON BEHALF OF PETITIONER:  Fannie E. Burch, Esquire
P.O. Box 307
Amite, Louisiana 70422

BY:  Milhollan, Chairman; Maniatis, Maguire, Morris, and Vacca, Board Members

These matters are before the Board on appeal from the District Director's decision of February 11, 1981, denying the petitions to classify the beneficiaries as the unmarried sons of a lawful permanent resident of the United States under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). The District Director found that the beneficiaries had not been legitimated so as to qualify them as the petitioner's children under section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(b)(1)(C). The appeals will be dismissed.

The petitioner is a 41-year-old native and citizen of Grenada and a lawful permanent resident of the United States. The beneficiaries were born out of wedlock in Trinidad on January 4, 1967, and April 5, 1969. The petitioner states he is the beneficiaries' natural father, although their birth certificates do not include a father's name. The petitioner and the beneficiaries' mother have never married. The instant petitions were filed November 20, 1979.

The beneficiaries can qualify as the petitioner's "unmarried sons" for preference immigrant status only if they qualify (or once qualified) as

114

his "children" under section 101(b)(1) of the Act,.which includes among its definitions of "child":

a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

Section 101(b)(1)(C). The petitioner does not challenge the basis of the District Director's decision, which held that the beneficiaries had not been legitimated. However, subsequent to that decision, the petitioner executed a document entitled "Formal Acknowledgment of Illegitimate Children," which purportedly was executed in accordance with Louisiana Revised Statutes section 9:391 and Louisiana Civil Code articles 202 and 203. Therefore, the petitioner contends that the beneficiaries are now his properly legitimated children, and he requests that the petitions be approved.

On this record, we are unable to determine if the petitioner's "Formal Acknowledgment of Illegitimate Children" constitutes a valid legitimation of the beneficiaries under Louisiana law. See Matter of Ramirez, 13 I&N Dec. 6 (BIA 1971). Even assuming arguendo that the legitimation is valid, the petitions may not be approved.

It is clear that the claimed legitimation of the beneficiaries occurred only after the instant petitions were filed. The filing date is vital, since under long-standing federal regulations of both the Department of State and the Department of Justice the priority date for issuance of a preference immigrant visa is established by the filing date of an approved preference visa petition. 22 C.F.R. 42.62(a); 8 C.F.R. 245.1(g)(2). Thus, were these petitions to be approved, the beneficiaries would be accorded priority dates as the petitioner's legitimated sons prior to the time they actually would have been legitimated. Such an anomaly cannot be countenanced.

There are apparently no administrative or judicial precedents regarding filing dates as they relate to an alien's time of qualification in the context of relative preference visa petitions. However, it has been held in the case of preference visa petitions for alien professionals and laborers that the alien must be qualified at the time the petition is filed. Matter of Katigbak, 14 I&N Dec. 45 (Reg. Com. 1971); Matter of Wing's Tea House, 16 I&N Dec. 158 (Reg. Com. 1977). See also Matter of Great Wall, 16 I&N Dec. 142 (Reg. Com. 1977). The reasoning was stated thusly:

Section 204 of the Act requires the filing of a visa petition for classification under section 203(a)(3). The latter section states, in pertinent part: "Visas shall next be made available to qualified immigrants who are members of the professions." (Emphasis added.) It is clear that it was the intent of Congress that an alien be a recognized and fully qualified member of the professions at the time the petition is filed. Congress did not

intend that a petition that was properly deni[able] because the beneficiary was not at that time qualified be subsequently approved at a future date when the beneficiary may become qualified under a new set of facts. To do otherwise would make a farce of the preference system and priorities set up by statute and regulation.

*Matter of Katigbak, supra,* at 49. Like sections 203(a)(3) and (6), sections 203(a)(1), (2), (4), and (5) recite that visas shall next be made available to *qualified* immigrants who are *(present tense) the type of relative thereafter specified. The provisions of 8 C.F.R. 245.1(g)(2) and 22 C.F.R. 42.62(a) appertain to all six visa preference categories as well. Thus, the rationale expressed in Katigbak and Wing's Tea House* also applies with equal force here; qualifying facts which come into being only subsequent to the filing of a preference visa petition may not be considered in support thereof, since to do so would result in granting the beneficiary a visa priority date at a time when he was not qualified for the preference classification sought. Accordingly, we hold that in order to be eligible for relative preference classification under section 203(a) of the Act, the alien beneficiary must be fully qualified at the time the visa petition is filed.

Here, the claimed legitimation of the beneficiaries occurred only after the petitions were filed. Therefore, the beneficiaries were not then qualified as the petitioner's children under section 101(b)(1)(C) of the Act, and the petitions to classify them as unmarried sons under section 203(a)(2) of the Act may not be approved.

**ORDER:** The appeals are dismissed.