## MATTER OF DRIGO

### In Visa Petition Proceedings

#### A-22631584

*Decided by Board May 6, 1982*

(1) A visa petition filed on behalf of a beneficiary whose adoption occurred after his fourteenth birthday, but before his sixteenth birthday, was properly denied by the District Director of the Immigration and Naturalization Service because the beneficiary was not eligible for preference status as an adopted child under section 101(b)(1)(E) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(E), at the time the application was filed.

(2) Notwithstanding a recent amendment to section 101(b)(1)(E) which changes the age limitation of an adopted child from fourteen to sixteen years and the fact that the adoption was timely executed under the amended language of the statute, the beneficiary does not qualify for immigration benefits under section 203(a)(2) of the Act, 8 U.S.C. 1153(a)(2), because a visa petition approval would result in giving a priority date to which the beneficiary was not entitled at the time of the filing of the visa petition.

ON BEHALF OF PETITIONER:   Brian L. Masony, Esquire
                          155-56 Company Street
                          Christiansted, St. Croix
                          Virgin Islands 00820

BY:  Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

The lawful permanent resident petitioner applied for preference status for the beneficiary as her adopted, unmarried son under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(2). In a decision dated June 1, 1981, the District Director denied the petition on the ground that preference status could not be conferred on the basis of the relationship between the petitioner and beneficiary because the adoption occurred after the beneficiary had reached the age of 14 years. The petitioner has appealed. The appeal will be dismissed.

The beneficiary is a 16-year-old native and citizen of Dominica, West Indies. The petitioner is a 41-year-old native and citizen of Dominica, West Indies who was admitted to the United States as a lawful permanent resident in 1978. The petitioner filed a visa petition on behalf of the beneficiary on May 19, 1981.

In support of the petition, the petitioner submitted a birth certificate

Interim Decision #2901

which shows that the beneficiary was born on June 25, 1965, and an adoption decree which was rendered on October 2, 1979, in the Virgin Islands.

On appeal, the petitioner contends through counsel's brief dated June 15, 1981, that "a decree of adoption is fully effective as of the date entered nunc pro tunc and is entitled to recognition for immigration purposes." Petitioner adds that the "Territorial Court of the Virgin Islands entered a decree of adoption nunc pro tunc as of May 7, 1979," when the beneficiary was only 13 years old. We rejected this argument in *Matter of Cariaga*, 15 I&N Dec. 716 (BIA 1976). We note that at the time of the District Director's decision, the act of adoption must have occurred before the child attained the age of 14. It was Congress' intent that the age restriction in section 101(b)(1)(E) be construed strictly. Petitioner further contends that it is an abuse of discretion to deny the visa petition under the facts of this case. There is nothing in the record which lends any substance to this claim and it will not be further considered. *See Matter of Cariaga, supra.*

Section 203(a)(2) provides for the granting of preference status to an unmarried son or unmarried daughter of an alien lawfully admitted for permanent residence. The petitioner must show that the beneficiary once qualified as her "child" within the meaning of section 101(b)(1) of the Act. When the District Director's decision was rendered, the term "child" was defined in section 101(b)(1)(E) as:

. . .

> a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years. . . .

In this case, the adoption occurred after the beneficiary's 14th birthday but before his 16th birthday. Consequently, when the petition was filed the beneficiary was not eligible for preference status as an adopted child under section 101(b)(1)(E) of the Act. Accordingly, we find that the District Director's decision was correct. However, subsequent to the District Director's decision the definition of an adopted child within the statute was amended, raising the age limitation from 14 to 16 years. Section 101(b)(1)(E) of the Act, 8 U.S.C. 1101(b)(1)(E), as amended by section 2 of the Immigration and Nationality Act Amendments of 1981, Pub. L. 97-116, 95 Stat. 1611 (December 29, 1981). Since the beneficiary's adoption occurred before his 16th birthday, he would appear to be eligible for preference status as an adopted child under current law.

Although the beneficiary's adoption was timely as far as the current version of section 101(b)(1)(E) is concerned, we cannot give the petitioner the benefit of that change in the law. The Board has held that in order to be eligible for relative preference status under section 203(a)(2) of the Act, the alien beneficiary must be fully qualified at the time the

224

visa petition is filed, otherwise this would result in our giving a priority date to which the beneficiary was not entitled at the time of filing. *Matter of Bardouille*, 18 I&N Dec. 114 (BIA 1981). See 22 C.F.R. 42.62(a); 8 C.F.R. 245.1(g)(2).

We note that the petitioner may now wish to file a new visa petition. The petitioner has the burden to establish eligibility for the benefits sought. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). Furthermore, the petitioner must establish that the beneficiary has been in her legal custody for a period of two years subsequent to the adoption, *see Matter of Lee*, 11 I&N Dec. 911 (BIA 1966), and that he has resided with his adoptive parent for the same length of time, either before or after the formal adoption. *See Matter of M-*, 8 I&N Dec. 118 (BIA 1958; A.G. 1959). From this record, it appears that the beneficiary has resided with the petitioner and has been in her legal custody for more than two years since the adoption.

Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.