## MATTER OF ATEMBE

### In Visa Petition Proceedings

### A-28369181

*Decided by Board December 29, 1986*

Notwithstanding the fact that an illegitimate child may qualify for immigration purposes as the "child" of his or her natural father following the amendment on November 6, 1986, of section 101(b)(1)(D) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(D) (1982), provided paternity is established and the father "has or had a bona fide parent-child relationship" with the child, a visa petition filed prior to the effective date of the amendment may not be used to obtain preference status for the beneficiary under section 203(a) of the Act, 8 U.S.C. § 1153(a) (1982), because approval of the visa petition would give the beneficiary a priority date to which he or she was not entitled at the time the visa petition was filed. *Matter of Drigo*, 18 I&N Dec. 223 (BIA 1982); and *Matter of Bardouille*, 18 I&N Dec. 114 (BIA 1981), followed.

ON BEHALF OF PETITIONER:　　　　ON BEHALF OF SERVICE:
　Emiliano T. Deguzman, Esquire　　　Steven R. Abrams
　299 Broadway, Suite 1215　　　　　District Counsel
　New York, New York 10007

BY:　Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated August 22, 1986, the Immigration and Naturalization Service Regional Adjudications Center ("RAC") director denied the visa petition filed by the petitioner to accord the beneficiary preference status as his unmarried son pursuant to section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1982). The petitioner has appealed from that decision. The appeal will be dismissed.

The petitioner is a native of Cameroon and lawful permanent resident of the United States. The record reflects that the benefici-

ary was born in Cameroon of a relationship between the petitioner and a woman who was not then, and never became, his wife.

To qualify as a "son" under the provisions of section 203(a)(2) of the Act, the beneficiary must qualify, or once have qualified, as the petitioner's "child" as that term is defined by section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (1982). Section 101(b)(1) provides in part:

> The term "child" means an unmarried person under twenty-one years of age who is—
>
> (A) a legitimate child; or
>
> . . . .
>
> (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

The term "legitimate" applies only to children born in wedlock or to children born out of wedlock within jurisdictions that have eliminated all distinctions between legitimacy and illegitimacy. *See generally Matter of Reyes*, 17 I&N Dec. 512 (BIA 1980), and the cases cited therein. The term "legitimated" refers to the act of putting, by legal means, an illegitimate child in the position or state of a legitimate child in the eyes of the law. Where less than equality of status results, an act of legitimation is not deemed to have occurred. *Id.*

The RAC director found that the petitioner had failed to establish that the beneficiary was legitimate at birth or that he had been legitimated under the law of Cameroon or the law of New York, the petitioner's and beneficiary's present place of residence. We agree with the RAC director's findings.

The petitioner does not claim that the beneficiary qualifies as his "legitimate" son and there has been no showing that compliance with the provision of Cameroon law relied upon by the petitioner [1] accords a child born out of wedlock the full legal status of a legitimate child so that the child may be considered to have been "legitimated" for purposes of the immigration laws. Under the law of New York, legitimation can only be effected by the marriage of the child's natural parents. *See Matter of Hernandez*, 19 I&N Dec. 14 (BIA 1983).

On November 6, 1986, subsequent to the RAC director's decision in the instant case, the Immigration Reform and Control Act of

---

[1] Part V, Chapter 1, Article 44 of the Official Gazette of the United Republic of Cameroon.

1986, Pub. L. No. 99-603, 100 Stat. 3359, was signed into law. That legislation amended section 101(b)(1)(D) of the Act to recognize for immigration purposes the relationship of an illegitimate child to his or her natural father, as well as to his or her mother,[2] provided paternity is established and the father "has or had a bona fide parent-child relationship" with the child.

Although the beneficiary may presently be entitled to classification as the child of the petitioner by reason of section 101(b)(1)(D) of the Act, as amended, the petitioner may not use the visa petition presently under consideration to obtain a benefit under the new provision. This Board has held that in order to be eligible for preference status under section 203(a) of the Act, the beneficiary must be fully qualified for such classification at the time the visa petition is filed to avoid giving the beneficiary a priority date to which he or she was not entitled at the time of filing. *See Matter of Drigo*, 18 I&N Dec. 223 (BIA 1982); *Matter of Bardouille*, 18 I&N Dec. 114 (BIA 1981). The petitioner may, of course, file a new visa petition on the beneficiary's behalf accompanied by proof of paternity and the existence of a "bona fide parent-child relationship." The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[2] Prior to its amendment, section 101(b)(1)(D) of the Act included within the definition of the term "child"

an illegitimate child, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother.