## MATTER OF PAZANDEH

### In Visa Petition Proceedings

### A–28451555

*Decided by Board April 6, 1989*

(1) In visa petition appeals involving section 204(a)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1154(a)(2)(A) (1988), the Board will not review the issue of the bona fides of the petitioner's prior marriage if 5 years have elapsed since the petitioner obtained her lawful permanent residence.

(2) Where the visa petition was initially approvable subject to the petitioner's meeting a burden which has lapsed with the passage of time, the majority finds the rationale expressed in *Matter of Bardouille*, 18 I&N Dec. 114 (BIA 1981), not applicable. *Matter of Atembe*, 19 I&N Dec. 427 (BIA 1986); and *Matter of Drigo*, 18 I&N Dec. 223 (BIA 1982), distinguished.

ON BEHALF OF PETITIONER:      ON BEHALF OF SERVICE:
Pro se                                 Steven R. Abrams
                                             District Counsel

BY:   Milhollan, Chairman; Dunne and Heilman, Board Members. Dissenting Opinion: Morris and Vacca, Board Members.

The petitioner has filed a spousal second-preference petition on behalf of the beneficiary pursuant to section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1988). In a decision dated July 1, 1987, the acting Immigration and Naturalization Service Regional Service Center ("RSC") director applied section 204(a)(2)(A) of the Act, 8 U.S.C. § 1154(a)(2)(A) (1988), to the instant petition and concluded that the petitioner had not met her burden of establishing eligibility for the benefit sought. The petitioner has appealed from that decision. The record will be remanded for further proceedings.

The petitioner is a 31-year-old lawful permanent resident. She acquired her lawful permanent resident status on February 4, 1983, by virtue of her marriage to Cyprien Neree, a lawful permanent resident whom the petitioner had married on June 24, 1982. The petitioner obtained a divorce from Mr. Neree on June 17, 1985.

The beneficiary is a 32-year-old native and citizen of Iran. He entered the United States in 1979 as a nonimmigrant student. The petitioner and the beneficiary were married on April 25, 1986. The petitioner filed a visa petition on behalf of the beneficiary on January 15, 1987.

On May 12, 1987, the Service sent a notice to the petitioner requesting that she submit evidence to establish that her marriage to Mr. Neree "was not entered into for the purpose of evading" the immigration laws. In response to this notice, the petitioner submitted a letter from a bank vice-president who indicated that the petitioner and Mr. Neree had opened a joint bank account on April 11, 1982, and that the account had been satisfactorily maintained. The acting RSC director reviewed the evidence submitted by the petitioner, applied section 204(a)(2)(A)(ii) of the Act to the petition, and concluded that the petitioner had not shown by "clear and convincing evidence" that she entered into her marriage with Mr. Neree in good faith.

On appeal, the petitioner disputes the acting RSC director's decision and contends that her marriage to Mr. Neree was entered into in good faith. We need not address this issue, however, because the question of the bona fides of the petitioner's marriage to Mr. Neree has become moot for purposes of the adjudication of the instant visa petition.

Section 204(a)(2)(A) of the Act provides:

The Attorney General may not approve a spousal second preference petition filed by an alien who, by virtue of a prior marriage, has been accorded the status of an alien lawfully admitted for permanent residence as the spouse of a citizen of the United States or as the spouse of an alien lawfully admitted for permanent residence, unless—

(i) a period of 5 years has elapsed after the date the alien acquired the status of an alien lawfully admitted for permanent residence, or

(ii) the alien establishes to the satisfaction of the Attorney General by clear and convincing evidence that the prior marriage (on the basis of which the alien obtained the status of an alien lawfully admitted for permanent residence) was not entered into for the purpose of evading any provision of the immigration laws.

In this subparagraph, the term "spousal second preference petition" refers to a petition, seeking preference status under section 203(a)(2), for an alien as a spouse of an alien lawfully admitted for permanent residence.[1]

According to the terms of section 204(a)(2)(A)(i) of the Act, as set forth above, the Attorney General may approve a spousal second-preference petition filed by an alien who obtained lawful perma-

---

[1] This provision was added to the Act by section 2(c) of the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537, 3541. *See Matter of Patel*, 19 I&N Dec. 774 (BIA 1988).

nent residence by virtue of a previous marriage if 5 years have passed since the alien acquired her lawful permanent resident status. The petitioner here acquired her lawful permanent residence on February 4, 1983. Because 5 years have elapsed since the petitioner became a lawful permanent resident,[2] the visa petition which she filed on behalf of the beneficiary may now be approved irrespective of the issue of whether the petitioner has established by "clear and convincing evidence" that her previous marriage was not fraudulent.

We note that in previous visa petition cases involving section 203(a)(2) of the Act we have held that a petition would not be approved unless the beneficiary was qualified for preference status at the time the petition was filed, to prevent the beneficiary from obtaining a priority date to which he or she was not entitled. *Matter of Atembe*, 19 I&N Dec. 427 (BIA 1986); *Matter of Drigo*, 18 I&N Dec. 223 (BIA 1982); *Matter of Bardouille*, 18 I&N Dec. 114 (BIA 1981). In each of the foregoing cases, however, the beneficiaries were indisputably ineligible for preference status when the petitions were filed on their behalf. *Matter of Atembe, supra* (beneficiary had not been "legitimated" and did not qualify as a "child" within the meaning of section 101(b)(1)(C) of the Act, 8 U.S.C. § 1101(b)(1)(C) (1982)); *Matter of Drigo, supra* (beneficiary did not qualify as an adopted "child" under section 101(b)(1)(E) of the Act); *Matter of Bardouille, supra* ("legitimation" of the beneficiaries occurred after the visa petitions were filed). By contrast, there was no *bar* to the approval of the instant visa petition when it was filed by the petitioner; the Service had the authority pursuant to section 204(a)(2)(A) to approve the second-preference petition if the petitioner disproved fraud with respect to her prior marriage or if she had been a lawful permanent resident for 5 years. Under these circumstances, where the petition was initially approvable subject to the petitioner's meeting a burden which has lapsed with the passage of time, we do not find the rationale expressed in the *Bardouille* line of cases to be applicable.

Thus, while we do conclude that the "clear and convincing evidence" issue in this case has become moot for the disposition of the petitioner's appeal, we do not suggest by this result that section 204(a)(2)(A) of the Act requires that the Service ignore evidence of marriage fraud after an alien has been a lawful permanent resident for 5 years. When the Service obtains evidence that a lawful

---

[2] There is no indication in the record that the Service has initiated proceedings against the petitioner challenging the legitimacy of her lawful permanent resident status.

permanent resident has engaged in marriage fraud, the Service may initiate the appropriate proceedings against that alien. *See* 53 Fed. Reg. 30,011, 30,016 (1988) (to be codified at 8 C.F.R. § 204.1(a)(2)(ii)). Since that course of action is available to the Service, however, we do not find that it is necessary to examine the issue of the good faith of an alien's prior marriage in cases where the alien has been a lawful permanent resident for 5 years and her visa petition may be approved pursuant to section 204(a)(2)(A)(i) of the Act.

Finally, although the Service may no longer apply the "clear and convincing evidence" standard in section 204(a)(2)(A)(ii) to the instant petition, the Service may still wish to inquire as to the good faith of the petitioner's existing marriage. Accordingly, the record will be remanded for further proceedings. On remand, the petitioner bears the burden of proving by a preponderance of evidence that she and the beneficiary intended to establish a life together at the time of their marriage. *See, e.g., Matter of McKee*, 17 I&N Dec. 332 (BIA 1980).

**ORDER:** The record is remanded to the acting RSC director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

*DISSENTING OPINION*: James P. Morris, Board Member

I respectfully dissent.

The majority has held that it is unnecessary to address the question of the bona fides of the petitioner's marriage to Mr. Neree because that question has become moot for the purposes of adjudicating the instant visa petition. The majority reaches that conclusion because of the fact that 5 years have elapsed since the petitioner became a lawful permanent resident, and the visa petition that she filed on behalf of the beneficiary may now be approved without proof that her former marriage was not fraudulent. I disagree with the conclusion that the issue of the bona fides of petitioner's marriage to Mr. Neree has become moot for the purposes of adjudicating this appeal.

In *Matter of Bardouille*, 18 I&N Dec. 114 (BIA 1981), we held that in order to be eligible for relative preference classification under section 203(a) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a) (1982), the alien beneficiary must be fully qualified at the time the visa petition is filed. When the visa petition was filed by Marie Pazandeh, the beneficiary was not qualified for preference classification because neither of the two requirements of section 204(a)(2)(A) of the Act, 8 U.S.C. § 1154(a)(2)(A) (1988), had been met,

*i.e.*, because (1) 5 years had not elapsed since the petitioner became a lawful permanent resident and (2) the petitioner had not established to the satisfaction of the Attorney General by clear and convincing evidence that her prior marriage was not entered into for the purpose of evading any provision of the immigration laws. In this connection I have no difficulty in finding that the acting RSC director was clearly correct in holding that the meager evidence submitted by the petitioner was insufficient to meet the statutory requirement.

The statement in the majority opinion that there was no bar to the approval of the petition is plainly wrong. The statute specifically states in section 204(a)(2)(A) that the Attorney General may not approve a petition such as the one filed in this case unless one of two conditions has been met:

(1) a period of 5 years has elapsed after the date the alien acquired the status of an alien lawfully admitted for permanent residence, or

(2) the alien establishes to the satisfaction of the Attorney General by clear and convincing evidence that the prior marriage (on the basis of which the alien obtained the status of an alien lawfully admitted for permanent residence) was not entered into for the purpose of evading any provision of the immigration laws.

Since neither of the conditions had been met, the Attorney General was forbidden by the statute from approving the petition. Therefore, to hold that there was no bar to the approval of the visa petition flies in the face of the plain language of the statute.

For the foregoing reasons, I find that the Board's decision in this case is inconsistent with *Matter of Bardouille, supra.* Because I believe that *Matter of Bardouille* was correctly decided and disagree with the decision of the majority here, I would dismiss the appeal.