# MATTER OF CARBAJAL

In Visa Petition Proceedings

A-70197906

*Decided by Board April 27, 1992*

(1) A visa petition is considered filed on the date on which the petition and the appropriate fee are submitted to the Immigration and Naturalization Service and the petition is stamped with the time and date pursuant to 8 C.F.R. §§ 103.2(a) and 204.1(a) (1991).

(2) When the Service returns a visa petition to the petitioner because at the time she filed the visa petition she was not qualified to accord preference classification to the beneficiary, the petitioner may refile the previously submitted visa petition with the Service once she becomes qualified.

(3) When a previously filed visa petition is resubmitted to the Service, stamped with the time and date, and accompanied by the appropriate fee, it is a new petition and a new filing date has been effected which, if the petition is approved, establishes the priority date for the beneficiary pursuant to 8 C.F.R. § 245.1(f)(2) (1991).

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated August 26, 1991, the Immigration and Naturalization Service Regional Service Center ("RSC") director denied the visa petition filed by the petitioner to accord the beneficiary preference classification as the sister of a United States citizen under section 203(a)(5) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(5) (1988).[1] The petitioner has appealed from that decision. The appeal will be sustained and the record will be remanded to the RSC director.

The petitioner is a 48-year-old native of Mexico and citizen of the United States. The record reflects that on December 7, 1990, she applied for preference classification for the beneficiary as her sister under section 203(a)(5) of the Act. At the time the petitioner filed the

---

[1] Revised and redesignated as section 203(a)(4) of the Act, 8 U.S.C. § 1153(a)(4) (Supp. II 1990), by section 111 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 4986 (effective Nov. 29, 1990).

Petition for Alien Relative (Form I-130), she was not yet a citizen of the United States and was ineligible to confer immigration benefits on the beneficiary. The visa petition apparently was not adjudicated by the Service and was returned to the petitioner. On May 24, 1991, 8 days after she became a citizen, the petitioner resubmitted the visa petition with supporting documents and paid a new filing fee.

In a decision dated August 26, 1991, the RSC director denied the visa petition because the petitioner was not qualified to accord immigration benefits upon the beneficiary at the time of the filing of the visa petition on December 7, 1990. He did not address the second filing of the visa petition on May 24, 1991. For the following reasons, we disagree with the RSC director's denial of the visa petition.

Upon reaching 21 years of age, a United States citizen may file a petition on behalf of a sister or brother to accord preference classification under section 203(a)(5) of the Act. The filing date of the visa petition determines the priority date of the alien beneficiary and his or her place on the waiting list for an immigrant visa. See Matter of Atembe, 19 I&N Dec. 427 (BIA 1986); 8 C.F.R. § 245.1(f)(2) (1991); 22 C.F.R. § 42.53(a) (1991). We have held that the beneficiary must be fully qualified at the time the visa petition is filed to prevent granting a priority date to which the beneficiary was not entitled at the time of filing. Matter of Atembe, supra; see also Matter of Drigo, 18 I&N Dec. 223 (BIA 1982); Matter of Bardouille, 18 I&N Dec. 114 (BIA 1981).

In the instant case, there is no question that at the time of the initial filing of the visa petition on December 7, 1990, the petitioner was a lawful permanent resident of the United States and was not qualified to confer immigration benefits on the beneficiary. The RSC director's decision is therefore correct as it relates to the submission of the visa petition at that time. However, the petitioner resubmitted the visa petition on May 24, 1991, after she became a United States citizen, and the RSC director nevertheless adjudicated the visa petition based on the initial filing date. Thus, the issue before us is whether the subsequent filing of the same visa petition supersedes the previous filing for purposes of adjudicating the visa petition on the merits and establishing a new priority date for the beneficiary upon its approval.

The key to resolving this issue is to determine the controlling filing date. As we stated in Matter of Bardouille, supra, at 115: "The filing date is vital, since under long-standing federal regulations of both the Department of State and the Department of Justice the priority date for issuance of a preference immigrant visa is established by the filing date of an approved preference visa petition." Previously, when we have addressed the merits of preference visa petitions, only one filing date has been at issue. See, e.g., Matter of Atembe, supra; Matter of

462

*Drigo, supra; Matter of Bardouille, supra.* This case, however, involves two filing dates.

In regard to the filing of visa petitions, the regulations state that "petitions received in any Service office shall be stamped to show the time and date of their actual receipt and, unless otherwise specified [in 8 C.F.R. §§ 204 or 245] or returned because they are improperly executed, shall be regarded as filed when so stamped." 8 C.F.R. § 103.2(a) (1991). The regulations also require that a relative visa petition "must be filed on a separate Form I-130 for each beneficiary and must be accompanied by the fee required." 8 C.F.R. § 204.1(a) (1991). In accordance with these regulations, we conclude that the proper filing date for a visa petition is the date on which the petition and the appropriate fee are submitted to the Service and the petition is stamped with the time and date. Thus, under 8 C.F.R. § 204.1(a) (1991), a visa petition to accord preference classification to a beneficiary is a "new" visa petition each time it is submitted to the Service with the proper filing fee and its receipt is shown by a time and date stamp.[2] When such a filing of the visa petition has been effected, its approval establishes the new priority date for the beneficiary pursuant to 8 C.F.R. § 245.1(f)(2) (1991).

In the instant case, the visa petition, previously submitted to the Service on December 7, 1990, was resubmitted, dated May 24, 1991, and accompanied by a new fee. This resubmission constituted a filing for purposes of 8 C.F.R. §§ 204.1(a) and 245.1(f)(2) (1991). The priority date of December 7, 1990, currently listed on the visa petition should be changed by the Service to May 24, 1991, to reflect the new date of filing. Because we cannot determine from this record whether the beneficiary is eligible for the benefit sought by the petitioner, we will remand the record to the RSC director for a decision on the merits. Accordingly, the appeal will be sustained and the record will be remanded to the RSC director.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the RSC director for a decision on the merits of the visa petition.

---

[2] The Form I-130 provides, at the bottom of the form, for an initial receipt date and a date of resubmission. Arguably, a petitioner may resubmit the same visa petition and pay the fee several times, each time effecting a new filing date and potential priority date.