[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11126
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-20014-DLG

ERIKA MATHEWS,

Plaintiff-Appellee,

versus

USCIS, MIAMI, DHS DEPARTMENT OF HOMELAND SECURITY,
U.S. ATTORNEY GENERAL,

Defendants-Appellants,

U.S. ATTORNEY'S OFFICE,

Respondent.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 21, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

The district court granted summary judgment in favor of Erika Mathews on her Administrative Procedure Act claim against the U.S. Attorney General, the Department of Homeland Security, and the U.S. Citizenship and Immigration Services (collectively, "the government"). That claim followed the denial of a visa petition Matthews' adoptive father had filed on her behalf. The government appeals, contending that the district court erred when it ordered the Board of Immigration Appeals to honor a state court's nunc pro tunc modification of an adoption date because the district court did not give proper deference to the BIA's interpretation of the relevant immigration statute.

I.

Erika Mathews was born in Peru on January 28, 1987. She entered the United States with her biological parents as a nonimmigrant visitor in 1993. In 1999 an immigration judge ordered Mathews and her biological parents deported to Peru, and in 2002 the BIA affirmed that decision. Later in 2002, Mathews' maternal aunt and her United States citizen husband, Jeffrey Rich, filed a petition in Florida court to terminate the parental rights of Mathews' biological parents

2

pending adoption, which the Florida court granted on January 22, 2003. The Florida court entered a final judgment of adoption on March 27, 2003.[1]

In 2005 Rich filed a Form I-130 Petition for Alien Relative on Mathews' behalf. In 2008 USCIS denied that petition, finding that because the final judgment of adoption occurred after Mathews' sixteenth birthday, she did not qualify as Rich's child under 8 U.S.C. § 1101(b)(1)(E)(i). Rich filed a notice of appeal to the BIA, noting that he was applying for a <u>nunc</u> <u>pro</u> <u>tunc</u> order so that the final adoption date would be amended to a date before Mathews' sixteenth birthday. A Florida court granted that application, amending the date of the final judgment of adoption to January 23, 2003, five days before Mathews' sixteenth birthday. Despite the <u>nunc</u> <u>pro</u> <u>tunc</u> date change, the BIA affirmed the USCIS' finding that Mathews was not Rich's child under § 1101(b)(1)(E)(i) because Rich had not adopted Matthews before her sixteenth birthday. The BIA relied on two of its prior published decisions in reaching that conclusion. <u>See</u> <u>Matter of Drigo</u>, 18 I. & N. Dec. 223 (BIA 1982); <u>Matter of Cariaga</u>, 15 I. & N. Dec. 716 (BIA 1976).

---

[1] Under Florida law, adoption is complete upon entry of the final judgment of adoption. <u>See</u> <u>In re Amendments to the Fla. Supreme Court Approved Family Law Forms</u>, 20 So. 3d 173, 302 (Fla. 2009) ("This Final Judgment of Adoption creates a relationship between the adoptee(s) and Petitioner and all relatives of Petitioner that would have existed if the adoptee(s) was (were) a blood descendant of the Petitioner, born within wedlock, entitled to all rights and privileges thereof, and subject to all obligations of a child being born to Petitioner.").

Mathews then filed a complaint in federal district court requesting relief under the APA. She alleged that the USCIS' actions were "arbitrary, capricious, an abuse of discretion, or otherwise unlawful" because the agency failed to honor the Florida state court order that changed the adoption date. After cross-motions for summary judgment, the district court agreed. It granted Mathews' motion for summary judgment, "reverse[d] the BIA's decision," and remanded the matter to the BIA with instructions for the board to give deference to the nunc pro tunc adoption date. This appeal followed.

## II.

We review de novo a district court's grant of summary judgment. Warshauer v. Solis, 577 F.3d 1330, 1335 (11th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under de novo review, we defer to the BIA's interpretation of an ambiguous or silent statute it administers unless that interpretation is unreasonable. See Castillo-Arias v. U.S. Attorney Gen., 446 F.3d 1190, 1195 (11th Cir. 2006); see also Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 2782 (1984); Chen v. U.S. Attorney Gen., 565

4

F.3d 805, 809 (11th Cir. 2009). "The degree of deference is especially great in the field of immigration." Chen, 565 F.3d at 809 (quotation marks omitted).

Under the APA, we review agency decisions to determine if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). That standard "provides the reviewing court with very limited discretion to reverse an agency decision," Warshauer, 577 F.3d at 1335 (quotation marks omitted), and is "exceedingly deferential," Fund for Animals, Inc. v. Rice, 85 F.3d 535, 541 (11th Cir. 1996).

### III.

A United States citizen may file a petition seeking to confer immigration status upon a "child," as that term is defined under immigration law. 8 U.S.C. § 1154(a)(1)(A)(i). A "child" includes "a child adopted while under the age of sixteen years if the child has been in the legal custody of, and has resided with, the adopting parent or parents for at least two years." Id. § 1101(b)(1)(E)(i). A U.S. citizen may file a visa petition on behalf of an adopted son or daughter "if the adoption took place before the beneficiary's sixteenth birthday." 8 C.F.R. § 204.2(d)(2)(vii). It is the petitioner's burden to establish by a preponderance of the evidence that the beneficiary is fully qualified for the visa. 8 U.S.C. § 1361.

The BIA has addressed the issues of retroactive adoption and nunc pro tunc amendment of adoption dates. In Matter of Cariaga, 15 I. & N. Dec. 716, 717 (BIA 1976), the BIA gave a literal interpretation to the adoption age restriction in 8 C.F.R. § 204.2(d)(2)(vii) and required that the "act of adoption must occur" before the child reached the statutory age. The BIA determined that Congress' intent was to avoid fraudulent adoptions, which warranted a strict reading of the age restriction. See id. at 716–17. Thus, despite a retroactive adoption decree, the BIA held that an adoptive relationship was not created for purposes of immigration law when the "beneficiary was adopted . . . at age nineteen." Id. at 717. In Matter of Drigo, 18 I. & N. Dec. 223 (BIA 1982), the BIA applied Cariaga and specifically rejected nunc pro tunc backdating of adoption decrees. Id. at 223–24.

Here, the BIA followed its own precedent and interpreted 8 U.S.C. § 1101(b)(1)(E)(i) to require Mathews' actual adoption to have occurred before her sixteenth birthday regardless of the nunc pro tunc amendment of her adoption date. Because that interpretation is reasonable, the district court should have deferred to it and concluded that the BIA's decision to deny Mathews a visa was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Accordingly, we reverse the district court's grant of summary judgment to Mathews and remand with instructions for the district court to grant the government's motion for summary judgment.

**REVERSED AND REMANDED.**