# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2010

No. 09-40921
Summary Calendar

Lyle W. Cayce
Clerk

ANNA BROWN; BUNHEANG CHHEANG,

Plaintiffs–Appellants

v.

JANET NAPOLITANO, In her official capacity as Secretary of the
Department of Homeland Security,

Defendant–Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-cv-00277

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Anna Brown and Bunheang Chheang appeal the district court's grant of
summary judgment in favor of Janet Napolitano (the "Government") on their
appeal of the United States Citizenship and Immigration Services' ("USCIS")
denial of Brown's Petition for Alien Relative, Form I-130.  Brown filed the form
I-130 on behalf of Chheang, her husband.  The district court found that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-40921

substantial evidence supported the USCIS's conclusions that (1) Brown and Chheang failed to prove a bona fide marriage by a preponderance of the evidence, and (2) the Government succeeded in proving that, in the alternative, Brown and Chheang entered into their marriage for the purpose of conferring immigration benefits on Chheang. Because we agree, we affirm the district court's grant of summary judgment in favor of the Government.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In November 2002, Chheang, a native and citizen of Cambodia, entered the United States on a non-immigrant student visa to study English at Stephen F. Austin State University in Nacogdoches, Texas. Chheang's visa expired in February 2003. According to Chheang, he met Brown in June 2003, began dating her shortly thereafter, and became engaged to her by September 2003. In November 2003, Chheang and Brown married.

In December 2003, Brown filed a Form I-130 on behalf of Chheang. A USCIS officer interviewed the couple in July 2005 after requesting that Brown and Chheang bring documentary evidence of their cohabitation to the interview. In response to the USCIS officer's request for documentation, Brown and Chheang produced their marriage license, records of a joint checking account from February 2005 through June 2005 that reflected one or two transactions per month, Brown's 2004 tax return which she filed as married, and photographs with Brown's father from their wedding. Despite this evidence, the USCIS officer found several issues concerning the legitimacy of their marriage: specifically, that Brown moved out of their marital home after her father died in January 2004; that at the time of the interview, Brown and Chheang saw each other every two to three weeks; and that there existed little to no evidence that Brown and Chheang had commingled their assets.

Based on Brown and Chheang's failure to document their cohabitation adequately, the USCIS issued a Request for Evidence ("RFE"), which granted

No. 09-40921

Brown and Chheang the opportunity to provide additional documentary evidence of their cohabitation from the commencement of their marriage. The USCIS also specifically requested Brown's 2003 income tax return, evidence of Brown and Chheang's employment, additional evidence of cohabitation, copies of Chheang's I-20s,[1] and transcripts for all schools attended.

Brown and Chheang responded to the RFE with Brown's 2003 income tax return, which she filed as single rather than married; Brown's income tax return for 2004, which she filed as married; additional records from their joint bank account; a residential lease agreement with a deposit receipt; a natural gas utility contract with a deposit receipt; a receipt indicating that Brown and Chheang purchased furniture for their residence in November 2003; and photographs of the two together. After considering all the evidence Brown and Chheang provided and their testimony under oath, the USCIS issued a Notice of Intent to Deny Visa Petition ("NOID").

The NOID stated that Brown had not "sufficiently established the eligibility of [Chheang] to be accorded the benefit sought"; or, in other words, that Brown failed to establish that her marriage was bona fide, which would render Chheang eligible to receive an immediate relative visa. The USCIS specifically referenced that Brown had filed her income tax return as single in 2003 and that Chheang provided inconsistent addresses for the time period running from November 2002 to November 2003. Alternatively, the NOID stated that Brown and Chheang entered into the marriage with the sole intention of conferring immigration benefits to Chheang, rendering their marriage a "sham." Although the USCIS advised Brown and Chheang of their intent to deny the petition, it provided Brown and Chheang with thirty days to

---

[1] A Form I-20 is a form used by a school to certify to the federal government that a student is eligible to receive a student visa.

rebut the USCIS's findings and submit additional evidence in support of their marriage.

In response to the NOID, Brown and Chheang provided the USCIS with affidavits from Chheang and Chheang's uncle; Brown and Chheang's jointly-filed 2004 tax income return; and 2004 W-2s from both Brown and Chheang, which did not match the amount of income claimed in their 2004 income tax return. Chheang's affidavit described his courtship and marriage to Brown, and explained that Brown moved out of their marital home after her father passed away in January 2004 so that she could be with her mother. Brown did not offer any affidavit of her own.

In December 2005, the USCIS issued a Notice of Denial of Visa Petition, finding that Brown had failed to demonstrate that her marriage was bona fide, thus rendering Chheang ineligible to receive an immediate relative visa. Alternatively, the USCIS found that Brown and Chheang had entered into their marriage solely to obtain an immigration benefit for Chheang, rendering it a "sham" marriage. Based on these two findings, the USCIS denied Brown's petition. The Board of Immigration Appeals ("BIA") affirmed the denial without opinion.

Brown and Chheang filed the instant suit in the Eastern District of Texas, alleging that the USCIS's denial of Brown's petition violated the Administrative Procedure Act ("APA") because it was arbitrary, capricious, and not in accordance with the law. The parties filed cross-motions for summary judgment, which the district court granted in favor of the Government and denied as to Brown and Chheang. Specifically, the district court found that substantial evidence supported the USCIS's finding that Brown and Chheang had failed to prove a bona fide marriage by a preponderance of the evidence, and that substantial evidence supported the USCIS's alternative finding that Brown and Chheang's marriage was a sham. The district court relied on the following facts:

No. 09-40921

(1) Brown and Chheang's joint bank account reflected very few transactions after the first few months, (2) Brown filed her 2003 tax return as single and had never amended it; (3) Brown's 2004 joint tax return was not an official IRS copy and the total amount claimed was off by $1,336 from the W-2s Brown and Chheang provided; and (4) little evidence existed of their relationship after January 2004, despite their joint lease and furniture receipts.  Brown and Chheang timely appealed.

## II.  STANDARD OF REVIEW

"We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court."  *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 228–29 (5th Cir. 2010) (citing *Golden Bridge Tech., Inc. v. Motorola, Inc.*, 547 F.3d 266, 270 (5th Cir. 2008)).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c)(2).

We must, however, apply the same "highly deferential" standard of review of an agency decision that the district court applied.  *See Pension Ben. Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366 (5th Cir. 2004) (citation omitted).  "Under the Administrative Procedure Act, agency action is reviewed solely to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Defensor v. Meissner*, 201 F.3d 384, 386 (5th Cir. 2000) (citing 5 U.S.C. § 706).  We consider an agency's action arbitrary and capricious:

> "[I]f the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible

No. 09-40921

that it could not be ascribed to a difference in view or the product of agency expertise."

*Tex. Oil & Gas Ass'n v. U.S. E.P.A.*, 161 F.3d 923, 933 (5th Cir. 1998) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)).

The APA also mandates that we "set aside agency action, findings, and conclusions found to be . . . unsupported by substantial evidence." 5 U.S.C. § 706(2)(E). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983); *see also Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002) ("The substantial evidence standard requires only that the BIA's decision be supported by record evidence and be substantially reasonable.") (citation omitted). In the context of BIA determinations, we have held that "[t]o obtain a reversal of the board's decision . . . the alien must show that the evidence he presented was so compelling that no reasonable fact-finder could fail to arrive at his conclusion," and that "[t]he evidence must not merely support the alien's conclusion but must compel it." *Silwany-Rodriguez v. I.N.S.*, 975 F.2d 1157, 1160 (5th Cir. 1992) (citations omitted).

## III. ANALYSIS

On appeal, Brown and Chheang challenge the district court's findings that substantial evidence existed to support both of the USCIS's[2] conclusions: that (1) Brown and Chheang failed to prove a bona fide marriage by a preponderance of the evidence, and (2) the Government proved that Brown and Chheang entered into a "sham" marriage for the purpose of conferring immigration benefits. As

---

[2] Generally, we only have the authority to review the decision of the BIA. Where, as here, however, the BIA affirms the USCIS's decision without opinion, we review the USCIS's decision. *See Majd v. Gonzales*, 446 F.3d 590, 594 (5th Cir. 2006) (citing *Mikhael v. I.N.S.*, 115 F.3d 299, 302 (5th Cir. 1997)).

to both, conclusions, however, Brown and Chheang make identical arguments: the record contained compelling evidence of their good faith at the time of their marriage, and is void of any evidence demonstrating otherwise. Although similar, the party bearing the burden of proof in front of the USCIS differs with regard to the USCIS's alternative findings, and we address each individually.

## A.    Bona Fide Marriage

Brown and Chheang had the burden of demonstrating to the USCIS that Chheang was an eligible recipient of a visa as Brown's "immediate relative." *See* 8 U.S.C. § 1361. This required Brown and Chheang to show, by a preponderance of the evidence, that they "intended to establish a life together at the time of their marriage," *Matter of Pazandeh*, 19 I&N Dec. 884, 887 (BIA 1989) (citation omitted), and that their marriage was not entered into with "the primary purpose of circumventing immigration laws." *Matter of Phillis*, 15 I&N Dec. 385, 386 (BIA 1975). To obtain a reversal of the USCIS's decision, Brown and Chheang bear the burden of showing "that the evidence [they] presented was so compelling that no reasonable fact-finder could fail to arrive at [their] conclusion." *See Silwany-Rodriguez*, 975 F.2d at 1160 (citation omitted).

In determining whether Brown and Chheang intended to establish a life together, the USCIS was at liberty to consider such factors as joint ownership of property, joint tenancy of a common residence, commingling of financial resources, birth certificates of children born to the pair, affidavits of third parties having knowledge of the bona fides of the marital relationship, or any other relevant documentation. *See* 8 C.F.R. § 204.2(a)(1)(iii)(B).[3] In response to the USCIS's various requests for substantiation of the bona fides of their marriage,

---

[3] Although these factors pertain to instances in which a petitioner seeks to classify an alien as an immediate relative based on a marriage that occurred while in removal proceedings, the BIA also looks to these factors to determine whether a petitioner has met his or her burden of showing a bona fide marriage by a preponderance of the evidence. *See, e.g.*, *Phillis*, 15 I&N Dec. at 387.

No. 09-40921

Brown and Chheang produced a marriage license, records from a rarely-used joint checking account, a 2004 joint income tax filing, a residential lease they both signed, a contract for natural gas, a receipt for furniture, and affidavits from both Chheang and Chheang's uncle.

This evidence did not, however, assuage the suspicions of the USCIS, which were raised by the fact that the couple lived together for approximately two months, were seeing each other only once every two or three weeks, and did not file a joint income tax statement in 2003 despite their marriage. Brown and Chheang have failed to demonstrate evidence "so compelling that no reasonable fact-finder could fail to arrive at [their] conclusion." *Silwany-Rodriguez*, 975 F.2d at 1160 (citation omitted). We thus find that the USCIS's conclusion that their marriage was not bona fide was not arbitrary and capricious, and was supported by substantial evidence.

## B.    Sham Marriage

In contrast to the bona fide nature of Brown and Chheang's marriage, the Government had the burden in front of the USCIS of showing, by "substantial and probative evidence," that Brown and Chheang's marriage was a sham from its inception. *See* 8 C.F.R. § 204.2(a)(1)(ii). "A marriage that is entered into for the primary purpose of circumventing the immigration laws, referred to as a fraudulent or sham marriage, has not been recognized as enabling an alien spouse to obtain immigration benefits." *Matter of Laureano*, 19 I&N Dec. 1, 2 (BIA 1983) (citing, *inter alia*, *Lutwak v. United States*, 344 U.S. 604 (1953)). The USCIS must deny a petition if it determines that a marriage is fraudulent. *See* 8 U.S.C. § 1154(c)(2).

Courts have held that a marriage is "a sham if the bride and groom did not intend to establish a life together at the time they were married." *Bark v. I.N.S.*, 511 F.2d 1200, 1201 (9th Cir. 1975). "Evidence to establish intent could take many forms, including, but not limited to, proof that the beneficiary has been

8

listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences." *Laureano*, 19 I&N Dec. at 2 (citation omitted).  The USCIS is permitted to consider conduct after the marriage, but "only to the extent that it bears upon their subjective state of mind at the time they were married." *Bark*, 511 F.2d at 1202 (citation omitted).  Brown and Chheang argue that the district court's grant of summary judgment was erroneous because the USCIS based its denial solely on their subsequent separation.

The USCIS's determination on this issue was neither arbitrary and capricious nor unsupported by substantial evidence.  As noted by the district court, the lack of transaction history for their joint checking account, lack of cohabitation starting approximately two months after their marriage, and lack of any evidence supporting an attempt to sustain their marriage once their very brief cohabitation ended, supports the reasonableness of the USCIS's conclusion that Brown and Chheang's marriage was fictitious from its inception.  Because the USCIS's finding that Brown and Chheang's marriage was a sham was not arbitrary and capricious and was supported by substantial evidence, we will not disturb its decision.

## IV.  CONCLUSION

The district court correctly found that the USCIS did not act arbitrarily and capriciously by denying Brown's petition on either of its alternative grounds, and correctly found that both decisions were supported by substantial evidence. We therefore affirm the district court's grant of summary judgment in favor of the Government.

AFFIRMED.