# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20411
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2014

Lyle W. Cayce
Clerk

RAWAN RIAD ALASWAD; MOHAMMED BENNANI,

Plaintiffs – Appellants

v.

JEH CHARLES JOHNSON, SECRETARY, DEPARTMENT OF
HOMELAND SECURITY; ERIC H. HOLDER, JR., U. S. ATTORNEY
GENERAL; FIELD OFFICE DIRECTOR, Dallas Office, U.S. Citizenship and
Immigration Services,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-636

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Mohammed Bennani and Rawan Riad Alaswad challenged the Board of
Immigration Appeal's ("BIA") denial of their petitions to adjust Bennani's
status in the United States District Court for the Southern District of Texas.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-20411

The district court granted summary judgment against them, and they now appeal. Because substantial evidence supports the BIA's decision, we AFFIRM.

## FACTUAL BACKGROUND

Mohammed Bennani is a Moroccan citizen and national. On February 23, 2005, the United States admitted Bennani as a nonimmigrant student to attend Troy University in Alabama. On February 8, 2007, Bennani married Valarie Ford. Bennani and Ford concurrently filed an application to adjust Bennani's status. The United States Citizenship and Immigration Services ("USCIS") interviewed Ford and Bennani as part of their investigation. During the interview, Ford withdrew the petition, stating that the marriage was fraudulent as they had never resided together and never consummated the marriage. An Immigration Service Officer, Crystal Ahumada, explained that Ford submitted an affidavit stating that she (Ford) entered a fraudulent marriage. Ahumada further represented that "[d]uring the interview . . . Valarie Ford stated she was paid by the Plaintiff, Mohammed Bennani, to enter into the fraudulent marriage." During the interview, Ford also stated that she "maintained a relationship with another man who is the father of her twins who were born during the marriage to the plaintiff." Ford withdrew the petition, and on February 27, 2009, Bennani and Ford divorced.

About two months later, on April 29, 2009, Bennani married Rawan Riad Alaswad.[1] On January 18, 2010, Bennani and Alaswad filed Forms I-130 and I-485 for adjustment of status. USCIS subsequently issued a Notice of Intent to Deny based on Ford's admission that her previous marriage to Bennani was fraudulent. The Notice explained: "It is concluded, after an extensive investigation by the Service and interviews with Mr. Bennani's former wife

---

[1] The district court noted that the parties disputed whether the marriage took place in March or April of 2009. Appellees however assert that the marriage took place on April 29, 2009 on appeal.

2

that [Bennani] . . . entered into a marriage of convenience with [Ford] for the sole purpose of evading immigration laws." Section 204(c) of the Immigration and Nationality Act,[2] in turn, precluded issuing a permit when an applicant had previously attempted to evade immigration laws by entering into a marriage. Bennani and Alaswad responded by providing new evidence, which included an affidavit from Ford. In her new affidavit, Ford[3] explains that her marriage with Bennani "was never based on financial benefits," that they lived together for one year, and that she gave her previous statements to the Immigration Service Officer because she "was overwhelmed with questions" and "became scared."

USCIS considered this new evidence but nonetheless denied Bennani's and Alaswad's petitions. The decision concluded: "[I]t is apparent that Mr. Bennani's marriage to [Ford] was a marriage of convenience entered into for the sole purpose of evading immigration law." Bennani and Alaswad appealed to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal because "petitioner has not adequately rebutted the evidence showing that the beneficiary's previous marriage was not bona fide, she has not met her burden of proving that the beneficiary is eligible for the benefit sought."

Bennani and Alaswad then filed suit in district court. The parties filed cross motions for summary judgment,[4] and the district court granted summary judgment for Appellees. The district court held that the "BIA's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law and was otherwise supported by substantial record evidence." This appeal followed.

---

[2] 8 U.S.C. § 1154(c).

[3] Ford has since changed her name to Valarie Jordan.

[4] Appellees also moved to dismiss for lack of jurisdiction. The district court denied this motion.

No. 13-20411

## STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In reviewing the BIA's decision, we apply the same high deference that the district court applied. *Pen. Ben. Guar. Corp. v. Wilson N. Jones Mem'l Hosp.*, 374 F.3d 362, 366 (5th Cir. 2004). "Under the Administrative Procedure Act, agency action is reviewed solely to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Defensor v. Meissner*, 201 F.3d 384, 386 (5th Cir. 2000) (citing 5 U.S.C. § 706). "The APA also mandates that we 'set aside agency action, findings, and conclusions found to be . . . unsupported by substantial evidence.'" *Brown v. Napolitano*, 391 F. App'x 346, 349–50 (5th Cir. 2010) (quoting 5 U.S.C. § 706(2)(E)). The substantial evidence standard requires this Court to ensure only that the BIA's decision is supported by record evidence and is substantially reasonable. *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002).

## DISCUSSION

The BIA held that Appellants' visa petition was barred by 8 U.S.C. § 1154(c), which provides:

Notwithstanding the provisions of subsection (b) of this section no petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration

4

laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

The BIA held that Appellants had "not adequately rebutted the evidence showing that the beneficiary's previous marriage was not bona fide," they were not entitled to relief. The BIA relied on Ford's previous sworn statement that the marriage was a fraud and the fact that Bennani acknowledged that he was not the father of Ford's twins born during their marriage.

In light of this evidence, the BIA's determination was neither arbitrary nor unsupported by substantial evidence. *See, e.g.*, *Brown*, 391 F. App'x at 351 ("Courts have held that a marriage is a sham if the bride and groom did not intend to establish a life together at the time they were married." (internal quotation marks omitted)). "'Evidence to establish intent could take many forms, including, but not limited to, proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences.'" *Id.* (quoting *Matter of Laurenano*, 19 I & N Dec. 1, 2 (BIA 1983). Therefore, the BIA properly relied on Ford's previous representations as well as the fact that Bennani was not the father of Ford's children born during their marriage when it made its determination.

Appellants contend, however, that the BIA's decision runs counter to the evidence in the record, namely, Ford's later retractions and other financial statements. As the district court found, "[t]he record, considered as a whole, contains very little evidence of commingled finances." Moreover, Appellants concede that during their marriage there was an "undissolved marriage between Valarie and Rodney Ford" and that Ford gave birth to twins fathered by another man during the marriage. Appellants' arguments in essence ask

No. 13-20411

this Court to reweigh the evidence considered by the BIA. We refuse to do so in light of the substantial evidence in the record supporting the BIA's decision. Accordingly, the BIA's decision was not arbitrary, capricious, or otherwise not in accordance with the law and was supported by substantial evidence.

## CONCLUSION

For the above stated reasons, we AFFIRM.